**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0780n.06
Filed: October 19, 2006

**No. 05-4303**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CAPITOL PARK LIMITED DIVIDEND
HOUSING ASSOCIATION,

     **Plaintiff-Appellant,**

v.

ALPHONSO JACKSON, SECRETARY OF
HOUSING & URBAN DEVELOPMENT.;
MILLENNIA HOUSING MANAGEMENT,
LTD.,

     **Defendants-Appellees.**

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

**BEFORE:**    **CLAY and GILMAN, Circuit Judges; and STAFFORD, District Judge.**[*]

    **CLAY, Circuit Judge.**  Plaintiff, Capitol Park Limited Dividend Housing Association

("Capitol Park"), appeals two orders from the United States District Court for the Northern District

of Ohio. Plaintiff commenced this action by bringing claims against Defendant Millennia Housing

Management ("Millennia") and Defendant Alphonso Jackson ("Jackson"), the Secretary of the

United States Department of Housing and Urban Development ("HUD"). Plaintiff's first claim was

against Defendant Jackson. In that claim, Plaintiff asserted that Jackson was segregating disabled

---

    [*]The Honorable William H. Stafford, Jr. United States District Judge for the Northern District
of Florida, sitting by designation.

persons in Plaintiff's housing complex in violation of 24 C.F.R. §§ 8.24(b) and 8.4(b)(1) (2006), retaliating against Plaintiff for complaining about the segregation, and was in the process of executing a *de facto* taking of the housing complex in violation of the Fifth Amendment of the United States Constitution by foreclosing on it. The second claim was against Defendant Millennia for breach of contract. Plaintiff asserted that Defendant Millennia warehoused disabled individuals at Plaintiff's housing complex in violation of federal civil rights laws and, accordingly, in violation of Plaintiff's and Defendant's housing management contract. Specifically, Plaintiff alleged violations of the Developmental Disabilities Assistance Bill of Rights of 2000, 42 U.S.C. § 15041 (2000); the Fair Housing Act of 1968, 42 U.S.C. § 3601 (2000); the Housing and Community Development Act of 1992, 42 U.S.C. § 13612 (2000); the Rehabilitation Act, 29 U.S.C. § 791(504) (2000); and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (2000). The district court issued two orders that Plaintiff now appeals.

The first order, issued on May 13, 2005, did three things: 1) it denied Plaintiff's motion for a preliminary injunction against HUD to stop the sale and foreclosure of Plaintiff's housing complex; 2) it denied Plaintiff's motion for summary judgment against Millennia on Plaintiff's breach of contract claim; and 3) it granted Millennia's motion for summary judgment on the same claim. The second order, issued on August 11, 2005, granted summary judgment to Defendant Jackson on all of Plaintiff's claims against him for lack of jurisdiction.

For the reasons set forth below, we **AFFIRM** the orders of the district court, granting summary judgment to both Defendants and denying Plaintiff's motions for a preliminary injunction and for summary judgment.

## BACKGROUND

Capitol Park is the owner of a 98-unit apartment building called "the Porter," which is located in Lansing, Michigan. In 1981, Capitol Park entered into a regulatory agreement with HUD. The agreement called for HUD to insure a mortgage in the amount of $4,051,200 and, pursuant to the Housing Assistance Payment Agreement ("HAP"), to subsidize a portion of the rent at the Porter. In exchange, Capitol Park agreed to operate the Porter as a federally subsidized Section 8 housing project. Subject to certain income restrictions, the Porter was to be open to individuals over the age of 62, as well as physically and developmentally disabled individuals regardless of age. In 1996, Millennia began operating the Porter. Plaintiff alleges that since that time, only disabled individuals have lived there.

In 2002, Capitol Park and HUD began discussions about renewing the regulatory agreement and the HAP. According to Plaintiff, it was informed at that time that the Porter was to become part of HUD's "Mark to Market Program." Under this program, rent at the Porter would be further reduced in order to more accurately reflect the market in Lansing. In return, HUD would adjust the underlying mortgage obligation to compensate for the reduction. Regardless of whether Capitol Park agreed to the renegotiation terms of these agreements, the rents at the Porter would be reduced.

Capitol Park alleged that HUD and Millennia were "causing" the Porter to be occupied primarily by disabled individuals who were less than 62 years old. According to Capitol Park, HUD required that an additional 10 units be set aside for the disabled. Capitol Park believed that this practice resulted in the illegal "warehousing" of disabled individuals in the Porter. In

3

response to this practice, Capitol Park refused to accept the renewal offer made by HUD. The rents were subsequently reduced and Capitol Park was unable to make the mortgage payments. HUD, as insurer, paid off the mortgage and foreclosed the Porter. It has now been sold.

On July 23, 2004, Plaintiff filed a complaint in the United States District Court for the Northern District of Ohio, naming only Jackson as the defendant. On September 20, 2004, Jackson moved to dismiss Plaintiff's complaint for improper venue, arguing that Plaintiff should file suit in Michigan. Plaintiff subsequently amended its complaint on October 18, 2004. The amended complaint restated the allegations against Jackson contained in the original complaint and added Millennia as a second defendant. Both Defendants subsequently filed answers to the amended complaint and, on November 23, 2004, the district court denied Jackson's motion to dismiss for improper venue.

On March 25, 2005, Plaintiff moved for a temporary restraining order ("TRO") and a preliminary injunction, seeking to prohibit HUD from foreclosing on the Porter. Jackson filed a brief in opposition on April 20, 2005. On April 25, 2005, Millennia moved for summary judgment. Plaintiff filed a brief in opposition and its own motion for summary judgment against Millennia on May 2, 2005. Millennia replied on May 9, 2005. On May 11, 2005, Plaintiff requested leave to file a reply brief and a renewed motion for a TRO. The district court denied Plaintiff's request. On May 13, 2005, the district court denied Plaintiff's motion for a TRO and preliminary injunction, denied Plaintiff's motion for summary judgment against Millennia, and granted Millennia's motion for summary judgment against Plaintiff.

On June 21, 2005, Jackson moved for summary judgment. Plaintiff filed a brief in opposition on July 15, 2005. On August 12, 2005, the district court granted summary judgment in favor of Jackson. That same day, the district court filed a separate order of final judgment, officially dismissing Plaintiff's claims against Millennia and Jackson. Plaintiff timely filed a notice of appeal on October 11, 2005.

## DISCUSSION

**I.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Defendant Millennia contends that Plaintiff's request for injunctive relief is moot because the Porter has already been sold, and, accordingly, this Court lacks jurisdiction to decide the merits of the request. We review the district court's denial of injunctive relief for abuse of discretion. *United States v. Any & All Radio Station Transmission Equip.*, 204 F.3d 658 (6th Cir. 2000).

Article III of the United States Constitution limits this Court's jurisdiction to actual, ongoing "Cases" and "Controversies." U.S. Const. art. III. A controversy is no longer ongoing, or is moot, when the parties cease to possess a presently existing legally cognizable interest in the outcome of the litigation. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotations marks and citation omitted); *see also Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) (per curiam) (holding a case moot because the respondent "no longer ha[d] any present interest affected by th[e] [challenged] policy"). Generally, a party lacks a sufficient present interest in the outcome of a case when events render a court unable to effectuate any relief in the event of a favorable

decision. *Murphy*, 455 U.S. at 481-82; *S. Pac. Terminal Co.* v. *Interstate Commerce Comm'n*, 219 U.S. 498, 514 (1911). Because HUD has already foreclosed on Plaintiff's mortgage and sold the Porter, neither this Court nor the district court can now enjoin HUD from foreclosing and selling. Accordingly, Plaintiff's request for injunctive relief is moot. *See Parsons Inv. Co. v. Chase Manhattan Bank*, 466 F.2d 869, 871 (6th Cir. 1972) (holding that the propriety of a district court's decision to deny an appellant a preliminary injunction prohibiting the sale of stock was moot where the stock was sold prior to the appeal).

**II. THE DISTRICT COURT PROPERLY DENIED PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST MILLENNIA AND PROPERLY GRANTED DEFENDANT MILLENNIA'S MOTION FOR SUMMARY JUDGMENT**

**A. Jurisdiction**

The district court properly exercised supplemental jurisdiction over Plaintiff's claims against Millennia, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1367.

Section 1367 of Title 28 grants federal district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a) (2000). This Court has original jurisdiction over the claim against HUD since that claim rests on federal civil rights law. In order for the district court to have properly asserted supplemental jurisdiction over the claim against Millennia, the two claims must form part of the same case or controversy.

A claim "form[s] part of the same case or controversy when [it] derive[s] from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 209 (6th Cir. 2004)

(internal citation and quotation marks omitted). Plaintiff's contract claims against Millennia derive from the same "nucleus of operative fact" as its claims against Jackson for injunctive relief.

Furthermore, although Plaintiff's claims for injunctive relief are now moot, the district court had original jurisdiction over the claims for injunctive relief when they were filed and when the district court ruled on Plaintiff's claims against Millennia. *Cf. Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244-45 (2006) (holding that dismissal of federal claims does not automatically deprive court of supplemental jurisdiction over non-federal claims). Finally, neither sovereign immunity nor the Tucker Act deprived the district court of jurisdiction over Plaintiff's claims for injunctive relief. The Administrative Procedure Act ("APA") waives sovereign immunity for claims for equitable relief against federal officials. 5 U.S.C. § 702 (2000); *Bowen v. Massachusetts*, 487 U.S. 879, 891-92 (1988). Similarly, the Tucker Act applies only to claims for monetary damages. *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.,* 365 F.3d 435, 479 (6th Cir. 2004) (citing 28 U.S.C. § 1491(a)(1) (2000)). Thus, neither sovereign immunity nor the Tucker Act deprived the district court of subject-matter jurisdiction on Plaintiff's claims for injunctive relief.

## B.      Standard of Review

This Court reviews a district court's grant of summary judgment *de novo. Blackmore v. Kalamazoo*, 390 F.3d 890, 894-95 (6th Cir. 2004). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment, the Court must view all the facts in the light most favorable to the non-moving party. *Id.*

## C. Breach of Contract Claim Against Millennia

The district court did not err in granting Millennia's motion for summary judgment and in denying Plaintiff's motion for summary judgment because Plaintiff's contract with Millennia does not prohibit disability discrimination. As the district court correctly observed, Plaintiff conceded in its brief in opposition to Millennia's motion for summary judgment that its claim against Millennia arose not out of federal law, but out of the management contract between Plaintiff and Millennia. Presumably, Plaintiff conceded this point to avoid the private right of action and standing problems that Plaintiff would have encountered by suing Millennia directly for breaches of federal civil rights law. As Plaintiff explained in its brief to the district court:

> Millennia's protestations about private rights of action and standing are equally without merit. Capitol Park has referred to federal law prohibiting segregation at the Porter to define Millennia's contractual obligation (Management Agreement Par. 23) to operate the Porter in compliance with federal law. Capitol Park does not seek to enforce these statutes per se, but rather it is Millennia's violation of the statutes that constitutes a violation of its contractual obligations to Capitol Park.

(J.A. at 451).

The contractual provision upon which Millennia relies reads:

> _____ Nondiscrimination. In the performance of its obligations under this Agreement, the Agent will comply with the provisions of any Federal, State, or Local law prohibiting discrimination in housing on the grounds of race, color, sex, creed, or national origin, as well as all requirements imposed by or pursuant to the Regulations of the Secretary.

(J.A. at 451).

8

This contract does not incorporate any federal laws prohibiting discrimination based on physical or mental disabilities into this provision.[1] This is not to say that a resident of the Porter could not sue Millennia for violating federal prohibitions on disability discrimination because a resident almost certainly could. But Plaintiff cannot argue that such a failing constitutes a breach of the above quoted contract provision.

**III.   THE DISTRICT COURT PROPERLY GRANTED DEFENDANT ALPHONSO JACKSON'S MOTION FOR SUMMARY JUDGMENT**

**A.     Preservation**

Although Plaintiff timely filed a notice of appeal with this Court, as we discuss in the analysis below, Plaintiff failed to properly brief the propriety of the district court's ruling with respect to the motion for summary judgment to this Court. Accordingly, we find that the Plaintiff did not preserve the issue for this Court's review.

**B.     Standard of Review**

This Court reviews a district court's grant of summary judgment *de novo*. *Blackmore*, 390 F.3d at 894-95.

**C.     The District Court's Decision**

---

[1]It is worth noting that the phrase "all requirements imposed by or pursuant to the Regulations of the Secretary" may well have been an attempt to make Defendant subject to federal laws prohibiting other types of discrimination, including disability discrimination. However, we decline to address this argument because it was not raised by Plaintiff at any stage of litigation and is thus waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

The district court offered two separate jurisdictional bases for dismissing Plaintiff's claims against Jackson: sovereign immunity and the Tucker Act. First, the district court held that Plaintiff failed to fulfill its obligation to point to a specific statute waiving Jackson's entitlement to sovereign immunity on its "statutory" or "civil rights" type claims. (J.A. 55-58). The district court pointed out that Plaintiff simply cited cases that stood for the proposition that HUD was amenable to suit on certain types of claims, but that Plaintiff failed to apply those cases to its own claims or to explain why, on the facts of this case, HUD was not entitled to sovereign immunity. (J.A. at 56). The district court further reasoned that the APA, upon which a broad reading of Plaintiff's brief could be interpreted to rely, did not provide for a waiver of sovereign immunity in this case because it applied only to claims for equitable relief. (J.A. at 56). As discussed above, Plaintiff's claims for injunctive relief are moot. Therefore, there is no claim for which Plaintiff could have been seeking equitable relief. Accordingly, the district court correctly held that the APA cannot waive sovereign immunity for the purposes of this claim.

Second, the district court held that it did not have jurisdiction over Defendant's "contract" or "takings" claims because the Tucker Act granted exclusive jurisdiction over such claims to the Court of Federal Claims. (J.A. at 58). The court correctly observed that, according to the Tucker Act,

> the Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2000). Further, this Court has held in the past that "[i]t is well-established that regardless of the nature of the relief sought, the availability of the Tucker Act renders premature any takings claim in the federal district court." *Coal. for Gov't Procurement*, 365 F.3d at 460. Taken together, the Tucker Act and the past rulings of this Court support the district court's ruling that it did not have jurisdiction over these claims.

## D. Waiver of these Issues

In its brief on appeal, Plaintiff fails to address the bases for the district court's ruling that the court did not have jurisdiction to decide the case. Instead, Plaintiff simply asserts that 1) it cited statutes in support of its position that HUD's actions were illegal, 2) it argued in its brief to the district court that the APA provided a statutory waiver for sovereign immunity, and 3) the district court erred in finding that Plaintiff's claims for injunctive relief were moot. (J.A. at 24). Plaintiff's brief offers absolutely no citation to authority or explanation for its positions and instead simply incorporates its briefs to the district court.[2] Only one of the incorporated documents, Plaintiff's Opposition to Motion for Summary Judgment, discusses sovereign

---

[2]Instead of affirmatively citing authority for its argument, Plaintiff simply states:

> The constraints of space and time do not permit the repetition of all of those arguments herein, so Plaintiff makes reference to its Briefs set forth in its Application for Temporary Restraining Order and Motion for a Preliminary Injunction; Reply to Response to Motion for Preliminary Injunction; Opposition to Motion for Summary Judgment; Gibbons Aff.; Reply Brief; and Opposition to Motion for Summary Judgment of Federal Defendant, all of which are reflected in the record and incorporated herein by reference.

Brief of Plaintiff at 24, *Capitol Park Ltd. Dividend Hous. Ass'n v. Jackson et. al*, No. 05-4303 (6th Cir. April 27, 2006).

immunity at all. None of the documents discuss the Tucker Act. Thus, we find that Plaintiff waived appeal of the district court's ruling by addressing the issue in this perfunctory manner and failing to challenge the underlying rationale for the district court's ruling. *McPherson*, 125 F.3d at 995-96.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the orders of the district court.