NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0335n.06

No. 10-3023

FILED

*May 19, 2011*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DENNIS PACKARD; LEANN PACKARD,

     Plaintiffs-Appellees,

v.

FARMERS INSURANCE COMPANY OF
COLUMBUS INC.,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

_____/

BEFORE:    DAUGHTREY, MOORE, and CLAY, Circuit Judges.

     **CLAY, Circuit Judge.** After Defendant Farmers Insurance Company of Columbus failed to honor a claim arising under Plaintiffs' standard flood insurance policy, Plaintiffs Dennis and Leann Packard commenced a lawsuit for damages that was later removed from state court to federal court pursuant to 28 U.S.C. § 1441, based on federal question jurisdiction, 28 U.S.C. §§ 1331, 4072. Following the dismissal of federal claims, the district court declined to exercise supplemental jurisdiction and remanded the action to state court. Farmers now appeals. For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

In March 2006, the home of Dennis and Leann Packard ("Plaintiffs") was destroyed during heavy rains, resulting in approximately $138,000 in losses. Plaintiffs filed a claim with their insurance provider, Farmers Insurance Company of Columbus ("Farmers"), seeking to recover under their flood insurance policy. Plaintiffs, who sustained identical damage to their property in 2005, had purchased a standard flood insurance policy ("SFIP") from Farmers after being informed that it would insure against this type of loss. However, on July 14, 2006, Farmers denied Plaintiffs' claims pursuant to a policy exemption after determining that a landslide, not a flood, was responsible for the damage to Plaintiffs' home.

On October 5, 2006, Plaintiffs commenced suit against Farmers in the Scioto, Ohio County Court of Common Pleas, alleging that Farmers wrongfully breached the terms of its flood insurance policy when it denied Plaintiffs' claim, and that Farmers fraudulently misrepresented the scope of Plaintiffs' policy coverage at the time of sale. Plaintiffs sought compensatory and punitive damages.

On November 7, 2006, Farmers filed a notice of removal under 28 U.S.C. §§ 1441 and 1442, arguing that the lawsuit should proceed in federal court because Farmers had issued Plaintiffs' SFIP while acting as a fiduciary of the U.S. government under the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001 *et seq.*, and the Write Your Own ("WYO") program, 42 U.S.C. § 4081. Farmers asserted, *inter alia*, that federal jurisdiction was proper under (1) 28 U.S.C. § 1331, which confers federal question jurisdiction; (2) 42 U.S.C. § 4072, which confers exclusive federal jurisdiction over lawsuits arising under the NFIA; (3) 28 U.S.C. § 1442(a)(1), the federal officer removal statute, which applied because Farmers had acted in a fiduciary capacity; and (4) 28 U.S.C. § 1337, which

confers jurisdiction over matters concerning federal regulation of interstate commerce. Farmers also asserted that supplemental jurisdiction was proper under 28 U.S.C. § 1367 over any issues construed to be state law claims.

Plaintiffs filed two motions in response to Farmers' removal of the case to federal court—a motion to remand on grounds that their lawsuit raised only state law claims; and a motion to amend their complaint to join additional defendants. On September 28, 2007, the district court granted Plaintiffs leave to file an amended complaint, but denied their motion to remand—finding that federal jurisdiction was proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072 because Plaintiffs' claims concerned the administration of a SFIP.

On October 23, 2007, Plaintiffs filed an amended complaint that, significantly, abandoned the one claim to which federal jurisdiction attached—the claim that Farmers breached the terms of the SFIP that it issued Plaintiffs by refusing to compensate Plaintiffs' losses. Plaintiffs' amended complaint alleged that Farmers and its agent, Donna Wolery,[1] committed the state law torts of negligent and fraudulent misrepresentation by inducing Plaintiffs to buy a SFIP by assuring them that a SFIP would protect them. Without revisiting the issue of whether supplemental jurisdiction was proper, the district court on January 10, 2008 issued a scheduling order and ordered the parties to complete discovery.

On September 30, 2008, following the close of discovery, Farmers moved for summary judgment on grounds that Plaintiffs' lawsuit was preempted by federal law and regulations

---

[1] The amended complaint joined Wolery as a defendant, but she was voluntarily dismissed from the action on May 14, 2008.

concerning SFIP policies. On November 3, 2008, Plaintiffs submitted a brief in opposition that argued federal regulations did not preempt relief because, *inter alia*, Plaintiffs only sought recovery on the state law grounds of fraudulent and negligent misrepresentation in the procurement of the policy. At a motions hearing held on May 27, 2009, Plaintiffs reiterated that they had abandoned all of their claims arising under federal law and the SFIP policy, and sought relief only on state law grounds. The district court did not rule on Farmers' summary judgment motion; instead, trial was scheduled for the December 2009 term.

However, on December 1, 2009, the district court issued an order that denied Farmers' motion for summary judgment without prejudice, declined supplemental jurisdiction, and remanded the case to state court on grounds that no federal claims remained. The district court stated:

> This is a procurement case. The plaintiffs make no claim under the SFIP. All the claims in the case are state law claims which defendant removed to this Court. This Court could exercise pendant [sic] jurisdiction, however, defendant agrees that payment would not come from the federal government if there was a judgment for fraud and/or negligent misrepresentation, the only possible judgments in this case.

> In this case, the relevant factors militate in favor of remanding the case to state court. [] The case was filed in state court and removed to this Court. Pursuant to the findings in this Order, no federal subject-matter jurisdiction remains. The state court is best-equipped to try the case. Remand will not cause undue inconvenience to either party. The costs and expenses accompanying the trial would be less in the local state court rather than in the federal court located in Cincinnati. Remand is most economical for the parties. The state court claims were first addressed in the Motion for Summary Judgment. The parties have not exerted significant time or effort addressing the state law causes of action. All discovery completed in this Court will be available to the parties in state court. The Court has made no procedural or substantive rulings that the parties would have to relitigate in state court. Weighing the values of judicial economy, convenience, fairness, and comity, the Court finds that retaining jurisdiction in this case would not serve any significant interest. The interests of federalism and comity favor remanding the case.

> This action is better suited for determination before the state court.

4

(Dist. Ct. Order at 16–17 (internal citations omitted)).

Arguing that the district court abused its discretion by failing to retain supplemental jurisdiction over Plaintiffs' state law claims, Farmers filed this timely appeal.

## DISCUSSION

### I. Plaintiffs' Jurisdictional Objections to Farmers' Appeal

#### A. Standard of Review

"A court of appeals must determine its own jurisdiction and is bound to do so in every instance." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (internal citations and quotation marks omitted). Questions of subject matter jurisdiction are reviewed *de novo*. *See Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

#### B. Analysis

As a preliminary manner, Plaintiffs assert that this Court lacks jurisdiction to review the district court's remand decision under 28 U.S.C. § 1447(d), which precludes review of remand orders that are based on defects in subject matter jurisdiction. Plaintiffs acknowledge that the district court did not phrase its remand decision in jurisdictional terms, but assert that remand was necessary for two jurisdictional reasons. First, Plaintiffs assert that jurisdiction was lacking under 28 U.S.C. § 1367 because Plaintiffs' state law claims were too distinct from their federal claims to permit supplemental jurisdiction. This argument is without merit. Courts may exercise supplemental jurisdiction over any state law claim that "form[s] part of the same case or controversy" as matters arising under original jurisdiction. 28 U.S.C. § 1367(a). "Claims form part of the same case or

controversy when they derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (internal citations and quotation marks omitted). This requirement is met when state and federal law claims arise from the same contract, dispute, or transaction. *See, e.g.*, *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988); *Capital Park Ltd. Dividend Hous. Ass'n v. Jackson*, 202 F. App'x 873, 877 (6th Cir. 2006). Because Plaintiffs' initial complaint raised federal and state law claims that stemmed from the same transaction—Farmers issuance of a flood insurance policy that failed to cover Plaintiffs' loss—we find that supplemental jurisdiction was proper.

Next, Plaintiffs assert that their amended complaint deprived federal courts of subject matter jurisdiction by raising only state law claims. This argument also fails. "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal," *Harper*, 392 F.3d at 210, and at the time of removal Plaintiffs raised both state and federal claims—making subject matter jurisdiction proper. Although Plaintiffs subsequently amended their complaint to eliminate federal claims, the dismissal of federal claims from a lawsuit does not deprive courts of supplemental jurisdiction. *See, e.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, __ U.S. __, 129 S. Ct. 1862, 1866–67 (2009); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007); *Osborn v. Haley*, 549 U.S. 225, 245 (2006); *Cohill*, 484 U.S. at 350–51. Therefore, Plaintiffs' amendment did not defeat jurisdiction, and the district court retained valid subject matter jurisdiction over Plaintiffs' state law claims.

Where, as here, a district court's remand decision is based on the discretionary determination that state courts would serve as the better forum, 28 U.S.C. § 1447(d) does not prohibit appellate

review. *See Carlsbad Tech.,* 129 S. Ct. at 1866–67. Accordingly, we find that this Court properly retains jurisdiction under 28 U.S.C. § 1447(d) to dispose of Farmers' appeal.

## II. The District Court's Decision to Decline Supplemental Jurisdiction over Plaintiffs' State Law Claims

### A. Standard of Review

"A district court's decision declining to exercise supplemental jurisdiction to hear a plaintiff's state-law claims and remanding those claims to state court is an appealable decision that we review under the abuse-of-discretion standard." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010); *see also* 28 U.S.C. § 1367(c)(3) (authorizing remand). "An abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." *Gamel*, 625 F.3d at 951 (internal citations omitted).

In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to parties, fairness, and comity to state courts. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *Cohill*, 484 U.S. at 350; *Gamel, 625 F.3d at 951–52*. This includes the interest in not "needlessly deciding state law issues." *Harper*, 392 F.3d at 211.

### B. Analysis

On appeal, Farmers argues that the district court abused its discretion when it dismissed and remanded Plaintiffs' state law claims because the balance of interests favored the exercise of supplemental jurisdiction. Farmers cites the following factors: (1) the substantial amount of time that passed in the federal court litigation; (2) the cost and expense to parties; (3) the fact that the

district court continued to exercise jurisdiction after Plaintiffs filed an amendment complaint dropping federal claims; (4) and the fact that remand occurred shortly before the scheduled trial.

While these facts suggest that remand may have been inconvenient for Farmers, they do not leave us with a "definite and firm conviction that the district court made a clear error of judgment" when it declined supplemental jurisdiction over Plaintiffs' claims. *See Gamel,* 625 F.3d at 951. Comity to state courts is considered a substantial interest; therefore, this Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *accord Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.").

In the instant case, we find that comity and the interest in judicial economy favored remand. All federal claims had been dismissed from the lawsuit, and generally "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Perry v. Se. Boll Weevil Eradication Found.*, 154 F. App'x 467, 478 (6th Cir. 2005) (noting that dismissal is the "clear rule of this circuit") (internal citations omitted). In addition, no dispositive rulings had been issued, litigation costs are lower in

state court than in federal court, and the litigants' discovery was made available for state court proceedings. Thus, Farmers was unable to show "how any substantial savings in judicial resources would be gained that outweigh the interest in avoiding the unnecessary resolution of state law issues," nor any "undue amount of wasted or duplicative effort that will result from having to re-file . . . in state court." *DePiero v. City of Macedonia*, 180 F.3d 770, 790 (6th Cir. 1999) (citing *Hankins v. The Gap, Inc.*, 84 F.3d 797, 803 (6th Cir. 1996)). These factors favor the decision to remand.

Finally, while three years had elapsed over the course of litigation, the parties had not exerted substantial time or effort in briefing the merits of the state law causes of action; instead, the parties' briefs addressed only the issues of preemption and federal defenses. These factors also weigh in favor of the decision to remand. *See, e.g.*, *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) (considering whether litigants had already argued the merits of state law claims); *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287–88 (6th Cir. 1992) (considering whether a case was already ripe for a ruling on the merits).

Accordingly, after balancing the interests, we find that the district court did not abuse its discretion when it declined supplemental jurisdiction over Plaintiffs' state law claims.

## CONCLUSION

Although this Court enjoys jurisdiction over Farmers' challenge to the district court's remand decision, we hold that the district court did not abuse its discretion when it declined supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, we **AFFIRM**.