NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0302n.06

No. 23-1895

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | ) | |
| LYNDON'S LLC, | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| CITY OF DETROIT, MICHIGAN, et al. | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

FILED
Jul 16, 2024
KELLY L. STEPHENS, Clerk

Before: BOGGS, CLAY, and GIBBONS, Circuit Judges.

**CLAY, Circuit Judge.** In 2011, Lyndon's LLC ("Lyndon's") purchased a piece of property (the "Dexter Property") at a foreclosure auction. After Lyndon's failed to pay taxes on the Dexter Property, Wayne County took title in 2014 and, pursuant to state law, transferred title to the City of Detroit ("Detroit"). In 2022, eight years after Wayne County foreclosed upon the property, Lyndon's brought suit against Detroit and other Defendants, alleging a conspiracy to deprive it of its property, in violation of 42 U.S.C. § 1983, several federal constitutional provisions, and Michigan law. But any claims that Lyndon's has regarding the allegedly unconstitutional transfer of title from it to Wayne County accrued when it lost title in 2014. Because Lyndon's filed its complaint well outside the three-year statute of limitations for its causes of action, the district court dismissed the case. For the reasons set forth below, we affirm.

## I.  BACKGROUND

### A.  Factual Background

Lyndon's, whose sole member is James Dockery, purchased the Dexter Property on or about October 26, 2011 through a foreclosure sale.  On November 17, 2011, the Wayne County Treasurer conveyed the Dexter Property to Lyndon's via quitclaim deed.  According to Lyndon's, all taxes were current on the Dexter Property, but the Wayne County Treasurer listed the property as subject to foreclosure in December of 2011.  The Wayne County Treasurer obtained an Uncontested Judgment of Foreclosure as to the Dexter Property on March 28, 2014.  And because Lyndon's failed to pay all delinquent taxes, interest, penalties, and fees by March 31, 2014, title vested in the Wayne County Treasurer as of March 31, 2014.

On January 7, 2015, the Wayne County Treasurer transferred title of the Dexter Property to Detroit for $0 pursuant to Michigan law.  *See* Mich. Comp. Laws § 211.78m (requiring that the foreclosing governmental unit transfer the property to the city in which the property is located).  Lyndon's maintains that it was not afforded due process during the foreclosure and transfer of the Dexter Property, and that the transfer to Detroit for $0 indicates that government entities conspired to take its rightful property.  Detroit began eviction proceedings against Lyndon's from the Dexter Property in June 2017.  Shortly after, in August 2017, Detroit filed a quiet title claim, seeking a judgment to clarify its ownership of the property in the face of Lyndon's' competing claims.  Wayne County Circuit Court ruled in Detroit's favor and quieted title to Detroit on January 22, 2018.  Lyndon's appealed this judgment, but the appeal was dismissed for want of prosecution.

Lyndon's also moved for relief from the 2014 judgment awarding title to the Wayne County Treasurer.  The Michigan state court denied that claim, ruling that (1) Lyndon's was afforded due process by the notice regarding the outstanding taxes and foreclosure proceedings;

(2) Detroit's purchase of the Dexter Property for $0 was a result of Michigan law, not a conspiracy; and (3) Lyndon's was responsible for the 2011 property taxes on Dexter Property after purchasing it at the foreclosure auction, pursuant to Michigan law. Detroit once again received a judgment of possession in March 2021, and a Michigan state court issued an order of eviction in April 27, 2022.

The order of eviction gave Lyndon's until June 13, 2022 to collect its personal property from the Dexter Property. Lyndon's negotiated for additional time to remove its personal property and then filed emergency motions in Michigan state court to stay the eviction, contending that its rights were violated during the eviction process. Lyndon's argued that Detroit was improperly trespassing, seizing its personal property, and generally violating Michigan law. Another Michigan court denied these claims. When Lyndon's appealed, yet another Michigan court affirmed the lower court's order denying the company's emergency motion to stay the eviction, holding that "Lyndon's was not forcefully evicted, no personal property was unlawfully appropriated, and [] state eviction law (M.C.L. § 600.2918) was not violated." R. 53, Page ID #739 (citing R. 49-1).

## B. Procedural Background

Lyndon's filed the instant action in federal court on August 19, 2022, more than eight years after the tax foreclosure. Lyndon's alleges several violations of 42 U.S.C. § 1983, including under the Fifth Amendment Takings Clause, the Eighth Amendment, the Due Process Clause, and the Equal Protection Clause; municipal liability; violations of Michigan state law and the Michigan constitution; and statutory and common law conversion and unjust enrichment. In particular, Lyndon's alleges that it was not afforded due process in the foreclosure or eviction proceedings, that it did not owe the underlying delinquent taxes in the first place, and that it has been deprived

of $3.5 million in "equity" in the Dexter Property. Lyndon's brought suit against numerous Defendants, including Detroit, Wayne County, and several individuals associated therewith.

All Defendants filed motions to dismiss, arguing that the claims were barred by claim preclusion and the statute of limitations. The magistrate judge recommended that the district court grant the motions to dismiss on statute of limitations grounds. And because the magistrate judge recommended dismissing all of the federal claims, it recommended that the district court decline to exercise supplemental jurisdiction over the state law claims. The district court adopted the magistrate judge's report and recommendation in full. Lyndon's timely appealed.

## II. DISCUSSION

We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 749 (6th Cir. 2023). Just like the district court, we accept "the plaintiff's factual allegations as true and view the complaint in the light most favorable to the plaintiff, but are not required to accept legal conclusions or unwarranted factual inferences as true." *Id.* (quoting *Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017)) (cleaned up).

The district court dismissed this case because it was brought outside of the statute of limitations. To determine whether this decision was correct, we must establish the relevant statute of limitations as well as the time of accrual of the cause of action. "The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts." *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023). Michigan has a three-year statute of limitations period for personal injury claims. Mich. Comp. Laws § 600.5805(2). Therefore, the relevant statute of limitations for the § 1983 claims is three years.

We must next determine when the claims accrued to identify when the three-year clock started running. The statute of limitations for a § 1983 claim begins to run when a "plaintiff has a complete and present cause of action." *Beaver St. Invs.*, 65 F.4th at 826. "With respect to takings claims, '[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it.'" *Id.* (quoting *Knick v. Township of Scott*, 588 U.S. 180, 185 (2019)). And we have previously held that this event occurs when the county takes "absolute title" of the relevant property. *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022). Applying the *Hall* rule to this case, Wayne County took absolute title in 2014 after Lyndon's failed to pay delinquent taxes, and any § 1983 claim Lyndon's had expired three years after that date. The instant action, filed in 2022, clearly falls outside that window.

Lyndon's gives us no reason to depart from the rule established in *Hall*. Instead, it argues only that it would be unfair to apply *Hall* to the instant case because "Appellant would not be allowed to challenge the wrongful foreclosure of its property, or the failure of the County to pay it just compensation for such a wrongful taking." Pl. Br., ECF No. 24, 23. But Lyndon's could have challenged the allegedly wrongful foreclosure of its property under § 1983 if it had brought suit within three years of the county obtaining absolute title. And Lyndon's did challenge the foreclosure, albeit in quiet title and eviction actions, to no avail. We cannot and will not create a special statute of limitations rule to give Lyndon's another bite at the apple.

Though *Hall* clarifies the accrual of only the Fifth Amendment takings claim, the district court correctly determined that all of the federal claims were barred by the three-year statute of limitations. "To determine when a statute of limitations begins to toll in a § 1983 action . . . this Court looks to what event should have alerted the typical lay person to protect his or her rights." *Beaver St. Invs.*, 65 F.4th at 826 (citation omitted). As the magistrate judge pointed out, all of the

- 5 -

remaining constitutional claims "stem from actions allegedly taken—or not taken—at the time of the Dexter Property's foreclosure, which took place in 2014." R. 53, Page ID #745. For example, Lyndon's claims that it was not afforded due process or equal protection during the 2014 foreclosure. But Lyndon's would have been alerted to protect its rights at the time that these alleged violations occurred—during and after the foreclosure in 2014. Therefore, these claims also should have been brought within three years of the foreclosure action, and are certainly untimely now.

Lastly, we turn to the claims that Defendants violated state law. We note that Lyndon's makes no affirmative argument as to why this Court should reverse the district court's dismissal of the state law claims, and has therefore forfeited such an argument. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019) ("[A]n appellant forfeits an argument that he fails to raise in his opening brief."). Even so, we see no error in the district court's dismissal of the state law claims after it determined there were no federal law claims to adjudicate. Both federal statutory provisions and our precedent not only permit but encourage district courts to decline to exercise supplemental jurisdiction over state law claims that are left without an anchor when their associated federal claims are dismissed. 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) ("[T]his Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed."); *cf. Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) ("[W]hen a district court dismisses claims over which it had original jurisdiction, it generally should remand state law claims to state court."). Because the district court properly did so here, we affirm.

## III. CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.