NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0052n.06
Filed: January 23, 2007

No. 05-4271

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

KWASSI WALTERS,

    Petitioner-Appellant,

v.

ALBERTO R. GONZALES, United States
Attorney General,

    Respondent-Appellee.

_____

ON PETITION FOR REVIEW FROM
AN ORDER OF THE BOARD OF
I M M I G R A T I O N   A P P E A L S

Before: DAUGHTREY and MCKEAGUE, Circuit Judges; and REEVES, District Judge.[*]

DANNY C. REEVES, District Judge. Petitioner, Kwassi Walters, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the denial of his requests for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal. For the reasons set forth below, we VACATE the BIA's opinion and REMAND for further consideration of the ineffective assistance of counsel claim.

## BACKGROUND

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Kwassi Walters, a native and citizen of Liberia, entered the United States in 1990. He filed an asylum application on February 22, 1992, and a subsequent asylum application on March 30, 1998. On April 8, 2003, Walters's asylum applications were referred to the immigration court upon issuance of a Notice to Appear by the Department of Homeland Security. In the notice, the Department of Homeland Security alleged that Walters was in the United States illegally and was removable pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i).

On July 16, 2003, Immigration Judge Lawrence Burman held a hearing on Walters's claims for relief. At that time, Walters was represented by Timothy Price, a member of the Frager Law Firm. Through counsel, Walters admitted that he was not a citizen and was present in the United States illegally. However, counsel indicated that Walters had a six-year-old daughter who was a United States citizen. The IJ noted that Walters might be eligible for cancellation of removal and continued the matter to January 7, 2004, to allow Walters to reapply for adjustment of status and present all the required evidence, including proof of paternity and fingerprints completed by immigration authorities.

The removal hearing resumed on June 25, 2004, before IJ Charles A. Pazar.[1] Walters was represented at this hearing by Bob Platt, another member of the Frager Law Firm. Walters responded negatively to the IJ's questions concerning whether he had been fingerprinted by immigration officials. In attempting to explain this failure, Walters indicated that he had not received further advice from his attorney. Mr. Platt then advised the IJ as follows:

---

[1]The record reflects that, although the merits hearing was scheduled for January 2004, IJ Burman continued the hearing to June to accommodate the court's schedule.

> Your Honor, the attorney representing the Frager firm at that time was Tim Price and there were no notes in this file when I took it over indicating that fingerprints needed to be done. I thought I had seen fingerprints done from an earlier asylum application that I thought were still good. I apologize for the respondent not having his fingerprints done but that [sic] was clearly no notice on our part to him to get it done, even though he was notified in the court and I can only say we dropped the ball on this and it should not happen anymore.

In response, the government pointed out that Walters was present at the initial removal hearing and was informed by the IJ that he was required to get fingerprinted.

Walters's counsel requested a thirty-day continuance to resolve the deficiencies of the case.[2] However, the IJ denied Walters's motion for a continuance and pretermitted all of the applications for relief. Walters appealed the IJ's ruling to the BIA. Through the appeal, Walters was represented by another member of the Frager law firm, Barry Frager. In his brief to the BIA, Mr. Frager argued, *inter alia*, that the failure to submit a new set of fingerprints was caused by "ineffective counsel." On September 15, 2005, the BIA affirmed the IJ's decision.

Walters, now *pro se*, seeks review of the BIA decision.

## DISCUSSION

Walters raises two issues on appeal. First, he asserts that it was an abuse of discretion for the IJ to deny the request for a continuance. Second, Walters contends that he was denied due process because he did not receive effective assistance of counsel during the administrative proceedings.

### I. The IJ's Denial of the Motion to Continue

---

[2]In addition to failing to obtain fingerprinting from immigration officials, Walters failed to submit DNA results establishing that he had a qualifying relative.

Walters contends that it was an abuse of discretion for the IJ to deny the request to continue the hearing so that he could obtain a new set of fingerprints from immigration officials. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006) (the denial of a continuance is reviewed for an abuse of discretion). This Court may find an abuse of discretion if the IJ's decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Id*. (citation omitted).

The IJ offered several reasons to explain why denial of a further continuance was appropriate. First, the IJ determined that although Walters alleged that he did not know that he needed to submit to fingerprints, he was given sufficient notice to the contrary. Walters's attorney stated at the hearing that his firm failed to notify Walters of the need to get fingerprinted. However, upon reviewing the tape from the earlier hearing, the IJ concluded that Walters was present and understood the court's directive to submit fingerprints from immigration officials within thirty days. Second, the IJ was not persuaded that Walters was diligent in attempting to comply with the fingerprinting requirement. The IJ noted that Walters already had nearly one year within which to obtain fingerprints but failed to do so. Third, the IJ determined that it would be an inconvenience to the court to grant a motion to continue. Specifically, the court noted that:

> The problem is I don't have a slot. I would be given [sic] this respondent another 6 months and whether the fault lies with him or with your firm I do not have what I need for a cancellation hearing today . . . I'm loathe to continue this again especially since Judge Burman continued *sua sponte* to accommodate expedited cases . . . which means that it has been on the docket for 1 year.

These reasons provide a sufficient basis for the Court to conclude that the IJ did not abuse his discretion in refusing to continue the hearing.

-4-

**II.** **Ineffective Assistance of Counsel**

Walters also contends that the ineffectiveness of his counsel during the administrative proceedings violated his due process rights. While Walters does not have a Sixth Amendment right to the effective assistance of counsel in his removal proceedings, *Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017, 1022 n.6 (6th Cir. 1999), counsel's errors may give rise to a constitutional violation. In *Huicochea-Gomez v. I.N.S.*, 237 F.3d 696 (6th Cir. 2001), this Court noted that:

> Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing. To constitute fundamental unfairness, however, a defect in the removal proceedings must have been such as might have led to a denial of justice. The alien carries the burden of establishing that ineffective assistance of counsel prejudiced him or denied him fundamental fairness in order to prove that he has suffered a denial of due process.

*Id*. at 699 (internal quotation marks and citations omitted).

The government contends that this Court lacks jurisdiction to consider the ineffective assistance of counsel claim because Walters failed to present the claim to the BIA. *See Sswajje v. Ashcroft*, 350 F.3d 528 (6th Cir. 2003). Specifically, the government asserts that Walters's notice of appeal contains no mention of ineffective assistance of counsel and his brief to the BIA contains only a passing, unsupported statement regarding ineffective assistance of counsel.

We disagree with the government on this point and conclude that Walters presented an ineffective assistance of counsel claim to the BIA and, thus, adequately exhausted his administrative remedies with respect to that claim. Notably, in the brief to the BIA, Walters alleged that he failed to be fingerprinted in accordance with Judge Burman's instruction because "the record was clear" that he suffered "ineffective counsel." Further, the BIA brief provides that "Walters believed he had

complied with printing, having been instructed by his attorneys to be printed at Shelby County, the

Immigration Judge erred in denying the continuance because [Walters] more than reasonably showed

that he had made every effort to be prepared to go forward for his June merits hearing." Based on

this admittedly cursory language, we find that Walters adequately raised the ineffective assistance

of counsel claim in the brief to the BIA.[3] Therefore, we conclude that he adequately exhausted his

administrative remedies regarding this claim. *See Hassan v. Gonzales*, 403 F.3d 429, 433 (6th Cir.

2005). However, because the BIA failed to address this claim, this matter will be remanded to the

BIA for further consideration of this issue.[4]

## CONCLUSION

For these reasons, the BIA's opinion is **VACATED** and this action is **REMANDED** to the

BIA for further consideration of the ineffective assistance of counsel claim.

---

[3]The government notes that Walters's arguments in support of an ineffective assistance of counsel claim are significantly more detailed in the brief to this Court than in the brief to the BIA. However, this fact has no bearing on whether Walters "properly presented" the claim to the BIA.

[4]The government also alleges that Walters failed to satisfy the requirements for an ineffective assistance of counsel claim as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (April 13, 1988). While the BIA *may* ultimately decide not to address the merits of the ineffective assistance of counsel claim based on Walters failure to comply with *Lozada*, the BIA's failure to address a claim that was adequately presented to it requires a remand.