COOK, Circuit Judge.
Pro se § 1983 plaintiff Mark Allen Harper sued the defendant police officers, alleging that in 2003 they detained him and searched his residence in violation of the Fourth Amendment. After the officers discovered drug paraphernalia and marijuana, Harper pleaded guilty to possession charges. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court barred § 1983 actions for damages where a favorable judgment would necessarily impugn the validity of an outstanding criminal conviction. Id. at 487, 114 S.Ct. 2364. This case asks whether the district court correctly invoked Heck to bar Harper’s Fourth Amendment claims where he avoided trial by pleading guilty. Because we cannot say that Harper’s convictions for drug possession would be impugned by concluding that the officers obtained the evidence illegally, we hold that Heck does not bar his Fourth Amendment claims. We therefore reverse the judgment of the district court and remand for further proceedings consistent with this opinion.
I. BACKGROUND
The parties do not dispute the pertinent facts, which the district court set forth as follows:
On July 31, 2003, Officer [Eric] Jackson responded to a call from a Wal-Mart security employee, who reported that Harper had purchased meth precursors. Officer Jackson then went to Harper’s house and detained him for four hours while obtaining a search warrant, which Harper alleged was based “on no probable cause.” After securing the search warrant, both Officers Jackson and [Nathan] Young searched Harper’s house, and Officer Jackson arrested Harper and charged him with unlawful possession of meth precursors; trafficking in marijuana, 8 oz. to < 5 lbs.; and use/possession of drug paraphernalia. “This whole time,” claimed Harper, “Mr. Jackson cuffed me and denied me my right to speak to counsel.”
As to the disposition of the 2003 charges, the state district court dismissed the charge of possession of meth precursors on August 7, 2003, on motion of the prosecutor. The felony trafficking in marijuana charge was amended to a misdemeanor charge of possession of marijuana, and on June 8, 2004, Harper entered [a] plea of guilty to the reduced charge of possession of marijuana and to the remaining misdemeanor charge of use/possession of drug paraphernalia.... The McCracken Circuit Court entered final judgment and sentence on November 3, 2004, to all charges to which Harper pled guilty.
Harper v. Jackson, No. 05 CV00004, slip op. at 2-3 (W.D.Ky. May 13, 2005).
Harper filed a § 1983 complaint on January 4, 2005, alleging that the defendant police officers violated the Fourth Amendment when they detained him and searched his residence in 2003. The district court, however, granted summary judgment for the defendants, concluding that a judgment in Harper’s favor would necessarily impugn the validity of Harper’s outstanding guilty-plea convictions because *391 the defendants discovered the marijuana and drug paraphernalia during the contested search. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (barring a § 1983 claim unless the plaintiff can demonstrate that a related, outstanding conviction is no longer valid).
We review de novo this grant of summary judgment, affirming if the evidence, viewed in the light most favorable to the non-movant, demonstrates that “there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Crosby v. Rohm & Haas Co., 480 F.3d 423, 427 (6th Cir. 2007).
II. ANALYSIS
In Heck, the Supreme Court held that a plaintiff could not bring a § 1983 action if a favorable judgment “would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated” by executive order, reversal on direct appeal, or writ of habeas corpus. 512 U.S. at 487, 114 S.Ct. 2364. Specifically, we ask whether success in a § 1983 suit would “negate an element of the offense.” Id. at 486 n. 6, 114 S.Ct. 2364. The Heck bar exists because the Court’s respect for “finality and consistency” precludes a prisoner’s use of § 1983 to collaterally attack an outstanding conviction. Id. at 486, 114 S.Ct. 2364. We turn, then, to the question of whether success on Harper’s claims would necessarily imply the invalidity of his convictions, and we conclude that they would not.
A. Fourth Amendment Violations under Heck
By way of a now well-known footnote, the Heck Court observed that even if successful, some Fourth Amendment claims brought under § 1983 “would not necessarily imply that the plaintiffs conviction was unlawful” due to doctrines like independent source, inevitable discovery, and harmless error. Id. at 487 n. 7, 114 S.Ct. 2364. Some courts read Heck to suggest that as a rule, Fourth Amendment claims may proceed because they cannot impugn the validity of a conviction. See, e.g., Wallace v. City of Chicago, 440 F.3d 421, 428 (7th Cir .2006) (concluding that “the Fourth Amendment violation affects only the evidence that might or might not be presented to the trier of fact” and not the outstanding conviction); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir.2003) (same).
For now, however, the Supreme Court suggests that Heck will bar at least some Fourth Amendment claims. In Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), Justice Scalia voiced the majority’s conclusion that “a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and ... if it does it must, under Heck, be dismissed.” [1] Id. at 1099 n. 5. Sixth Circuit precedent comports with that position, placing the onus on the district court to assess on a case-by-case basis whether a favorable Fourth Amendment judgment would im *392 pugn the validity of an outstanding conviction. E.g., Schilling v. White, 58 F.3d 1081, 1086 (6th Cir.1995); Jackim v. City of Brooklyn, No. 1:05 cv 1678, 2007 WL 893868, at *7 n. 11 (N.D.Ohio Mar.22, 2007) (unpublished).
Although Heck bars § 1983 Fourth Amendment claims where the contested search produced the only evidence supporting the conviction and no legal doctrine could save the evidence from exclusion, see, e.g., Ballenger v. Owens, 352 F.3d 842, 847 (4th Cir.2003); Covington v. City of New York, 171 F.3d 117, 123 (2d Cir. 1999), the case before us is distinct. If Harper succeeds on his § 1983 claims, his conviction would not necessarily be impugned because both the doctrine of inevitable discovery and the Leon good faith exception apply. See United States v. Leon, 468 U.S. 897, 913, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (adopting a “good faith” exception to the exclusionary rule where police seize evidence in reasonable reliance on a warrant issued by a neutral magistrate).
Under the inevitable discovery doctrine, illegally obtained evidence is not subject to the exclusionary rule “if the government can prove by preponderance that the evidence inevitably would have been acquired through lawful means.” United States v. Kimes, 246 F.3d 800, 804 (6th Cir.2001) (quoting United States v. Kennedy, 61 F.3d 494, 497 (6th Cir.1995)). In asking whether the inevitable discovery doctrine applies, we examine the circumstances “as they existed at the instant before the unlawful search” and ask “what would have happened had the unlawful search never occurred.” Kimes, 246 F.3d at 804 (quoting United States v. Eng, 971 F.2d 854, 861 (2d Cir.1992)). We apply the rule in two scenarios: (1) when an “independent, untainted investigation ... inevitably would have uncovered the same evidence”; or (2) when “other compelling facts [exist] establishing that the disputed evidence inevitably would have been discovered.” Kennedy, 61 F.3d at 499. Here, the fact that a Wal-Mart security employee notified the police of Harper’s purchase establishes that even if we were to conclude that the officers illegally detained Harper, success on the § 1983 claim would not necessarily impugn his conviction because the resulting discovery of the marijuana and drug paraphernalia would have inevitably occurred regardless of the detention. See Heck, 512 U.S. at 487 n. 7, 114 S.Ct. 2364.
Likewise, even were Harper to succeed on his claim that the warrant to search his home was without probable cause, that result would not necessarily impugn his conviction because even if the warrant were unlawfully obtained, the police acted in good faith reliance on the warrant as issued by a neutral magistrate, and thus the evidence could have been admitted to secure Harper’s conviction. See Leon, 468 U.S. at 913, 104 S.Ct. 3405.
Because we conclude that succeeding on his § 1983 claims would not necessarily imply that Harper’s conviction was unlawful due to the doctrine of inevitable discovery and the Leon good faith exception, we conclude that Heck does not bar Harper’s suit. We therefore reverse the district court’s decision to the contrary and remand the case for further proceedings consistent with this opinion.

. Wallace also clarified that Heck does not delay the accrual of an otherwise complete and present cause of action when a judgment in the plaintiff's favor “would impugn an anticipated future conviction.” 127 S.Ct. at 1098. Harper’s claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure. Id. Under Kentucky’s one-year statute of limitations for personal injury, Harper’s claims would be untimely. The defendants forfeited this affirmative defense, however, by failing to raise it on appeal. Smith v. State of Ohio Dep't of Rehab. & Corr., 463 F.3d 426, 429 n. 2 (6th Cir.2006); United States v. Titterington, 374 F.3d 453, 458 (6th Cir.2004).