RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0346p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────────

THOMAS A. GAMEL, SR.; DONALD C. BEETS;
KEVIN A. SHEPARD; THELMA A. MERRITT;
THOMAS J. KOCK, JR.; SANDY L. SHERMAN;
ROBERT E. LONNEMAN, JR.,
         *Plaintiffs-Appellees,*

         *v.*

CITY OF CINCINNATI; MARK MALLORY;
MILTON R. DOHONEY, JR.,
         *Defendants-Appellants.*

No. 10-3665

───────────────────

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 10-00015—Walter H. Rice, District Judge.

Argued: October 25, 2010

Decided and Filed: November 8, 2010

Before: DAUGTHREY, GILMAN, and McKEAGUE, Circuit Judges.

───────────────────

## COUNSEL

**ARGUED:** Richard Ganulin, CITY SOLICITOR'S OFFICE, Cincinnati, Ohio, for Appellants. James F. McCarthy, III, KATZ, TELLER, BRANT & HILD, Cincinnati, Ohio, for Appellees. **ON BRIEF:** Richard Ganulin, Paula Boggs Muething, CITY SOLICITOR'S OFFICE, Cincinnati, Ohio, for Appellants. James F. McCarthy, III, KATZ, TELLER, BRANT & HILD, Cincinnati, Ohio, for Appellees.

───────────────────

## OPINION

───────────────────

RONALD LEE GILMAN, Circuit Judge. This appeal raises the procedural question of whether the district court abused its discretion in declining to exercise

1

supplemental jurisdiction over the plaintiff's state-law claims after all of their federal claims were voluntarily dismissed.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

The Cincinnati City Council adopted Ordinance  No. 360-2009 in November 2009, which for the first time requires City retirees to pay for part of their post-retirement health-insurance benefits.  In response, the retirees brought a putative class-action lawsuit against the City to prevent it from implementing the Ordinance.

This action is not the first lawsuit between the parties over the issue in question. The retirees initially sued in federal court in December 2009, seeking to prevent the City from implementing Ordinance No. 360-2009.  *Gamel v. City of Cincinnati*, No. 09-927 (S.D. Ohio) (*Gamel I*).  In *Gamel I*, the retirees asserted claims for violations of both the United States and Ohio Constitutions.  They also sought a temporary restraining order to prevent the Ordinance from taking effect.  The district court denied the retirees' request for a temporary restraining order on December 31, 2009.  Twelve days later, the retirees voluntarily dismissed their complaint in *Gamel I* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

On January 12, 2010, the same date that *Gamel I* was dismissed, the retirees initiated the present litigation by filing their complaint in the Hamilton County Court of Common Pleas.  The state and federal claims asserted in this second action are essentially the same claims that the retirees initially pled in *Gamel I*.  Two days later, the City removed the case to federal court based on federal-question jurisdiction.   The retirees responded by promptly filing an amended complaint that omitted all federal-law claims arising under the United States Constitution, leaving only state-law claims to be litigated.  On this basis, the retirees moved to remand those claims to state court.  The City opposed the retirees' motion to remand.  In May 2010, the court remanded the case to the Hamilton County Court of Common Pleas.  An appeal by the City followed.

The City also moved the district court to stay its decision to remand pending appeal.  Both the district court and this court denied the City's motion.

## II.  ANALYSIS

### A.  Standard of review

A district court's decision declining to exercise supplemental jurisdiction to hear a plaintiff's state-law claims and remanding those claims to state court is an appealable decision that we review under the abuse-of-discretion standard. *Carlsbad Techn., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1867 (2009) (holding that a district court's order remanding a case to state court after declining to exercise supplemental jurisdiction over state-law claims is not a remand for lack of subject-matter jurisdiction for which appellate review is barred by 28 U.S.C. § 1447(c) and (d)); *Soliday v. Miami County*, 55 F.3d 1158, 1164 (6th Cir. 1995) (applying the abuse-of-discretion standard to the district court's decision regarding supplemental jurisdiction).  The Court in *Carlsbad Technology* held that because a district court retains supplemental authority by statute over state-law claims even after all federal claims have been dismissed, a decision "declining to exercise that statutory authority [is] not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them." *Carlsbad Techn., Inc.*, 129 S. Ct. at 1867.  "An abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." *Gaeth v. Hartford Life Ins., Co.*, 538 F.3d 524, 528–29 (6th Cir. 2008) (citation and alterations omitted).

### B.  Supplemental jurisdiction

#### *1.  Background*

The doctrine of supplemental jurisdiction, originally set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), was codified by 28 U.S.C. § 1367.  Section 1367 grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims that are "so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a). In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (holding that a district court should consider several factors in deciding whether to exercise supplemental jurisdiction, including "the avoidance of multiplicity of litigation, and [that it should] balance those interests against needlessly deciding state law issues").  A district court may also "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account" in determining whether the balance of factors supports a remand of the state-law claims. *Carnegie-Mellon*, 484 U.S. at 357.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction").

There are, however, circumstances where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed.  In *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195 (6th Cir. 2004), for example, the court found that the following factors weighed in favor of retaining supplemental jurisdiction over the remaining state-law claims:  (1) the plaintiff had engaged in forum manipulation by deciding to dismiss his federal-law claims only after the case had been on the district court's docket for 11 months, (2) the parties had completed discovery, and (3) the defendants' summary-judgment motions were ripe for decision. *Id.* at 211–12.  Moreover, the district court "was familiar with the facts of the case and already had invested significant time in the litigation." *Id.*  This court therefore

concluded that the district court had properly exercised supplemental jurisdiction over the remaining state-law claims.  *Id.*

### 2. *The district court's refusal to exercise supplemental jurisdiction*

In the present case, the district court considered several factors in deciding whether to exercise supplemental jurisdiction.  The court first evaluated whether the retirees' had engaged in forum manipulation, concluding that they had.  In reaching this conclusion, the court noted that the retirees (1) voluntarily dismissed their complaint in *Gamel I* after failing to obtain a temporary restraining order; (2) filed an identical lawsuit in state court on the same day that they voluntarily dismissed their complaint in *Gamel I*; and (3) decided to amend their complaint to eliminate all federal-law claims only after the City removed the second lawsuit to federal court.

The district court also evaluated whether any of the other *Carnegie-Mellon* factors weighed in favor of retaining supplemental jurisdiction over the retirees' state-law claims, but concluded that none did.  Unlike in *Harper*, where the district court had invested significant time in the litigation before the plaintiff removed all federal-law claims from his complaint, *see* 392 F.3d at 211–12, the retirees in this case deleted their federal-law claims within four days after the City removed the litigation to federal court.  Moreover, the court here had not overseen discovery and there was no "potentially dispositive motion for summary judgment filed" at the time the retirees moved to remand the case to state court.

The district court, on the other hand, acknowledged that it had gained some familiarity with the retirees' federal-law claims as a result of having ruled on the temporary restraining order in *Gamel I*.  But the court concluded that because the federal-law claims were no longer at issue, judicial economy would not be served by exercising supplemental jurisdiction over the remaining state-law claims.  This conclusion is supported by the fact that the City has been inconsistent in its position regarding the district court's jurisdiction over the retirees' complaints.  In *Gamel I*, the City sought to dismiss the retirees' federal-law claims as a matter of law, expecting that the district court would then decline to exercise supplemental jurisdiction over the

remaining state-law claims.  The City later removed the retirees' identical state-filed complaint to federal court, now arguing that the district court should exercise supplemental jurisdiction over the same claims that the City had originally urged the district court not to hear.

Ultimately, the district court found that the only factor that weighed in favor of exercising supplemental jurisdiction was the retirees' forum manipulation, but decided that this factor alone was not sufficient to warrant retaining jurisdiction over the state-law claims.  It concluded that exercising supplemental jurisdiction "would not foster judicial economy and would result in . . . needlessly resolving issues of state law."

Based on the district court's analysis as set forth above, we conclude that it properly considered the relevant *Carnegie-Mellon* factors in deciding not to exercise supplemental jurisdiction over the retirees' state-law claims. We therefore find no abuse of discretion in remanding the case back to the state court.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.