**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a0652n.06

**No. 11-1827**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jun 20, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOHN JAY JOHNSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| CITY OF WAKEFIELD, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SILER and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. John Jay Johnson, a Michigan resident proceeding pro se, appeals a district court judgment dismissing his civil rights action under 42 U.S.C. § 1983 and 42 U.S.C. § 12101 for failure to state a claim upon which relief may be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

This damages action is one of several lawsuits that Johnson has filed against the City of Wakefield since 1999. In the present complaint, Johnson alleges that the City has violated his civil rights. Specifically, he alleges that the City unfairly enforced a zoning ordinance governing fence height against him, plowed his truck in with snow, refused to give him city-approved garbage bags, and improperly disconnected his electricity on two occasions. Johnson attributes the City's alleged

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

conduct to his disability and that, in 1999, he obtained an order of protection against his neighbor, a former City councilman and the father of a former City mayor. Johnson also brings several state law tort claims against the City, including claims for defamation, negligence, and invasion of privacy.

The matter was referred to a magistrate judge, who treated the claims as raised exclusively under 42 U.S.C. § 1983 and recommended dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that Johnson failed to allege that his rights were violated as a result of a City policy or custom. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). Upon review of the report and Johnson's objections, the district court adopted the magistrate judge's recommendation as to section 1983 claims and dismissed those section 1983 claims and any Fourteenth Amendment claims with prejudice. The district court clarified, however, that it was dismissing Johnson's supplemental state law claims without prejudice. Neither the magistrate judge nor the district court addressed Johnson's claim of discrimination in violation of the Americans with Disabilities Act.

On appeal, Johnson characterizes his civil rights claims against the City as falling under the Fifth, Sixth, Ninth, and Fourteenth Amendments. He takes issue with the dismissal of his complaint, attempting to imply an unlawful City policy or custom from his allegations of City misconduct, as well as reemphasizing the City's discrimination against his disability. Johnson also argues that the magistrate judge erred in denying his request for the appointment of counsel and in dismissing his complaint before serving the City.

We review *de novo* a district court's order dismissing a complaint under section 1915(e)(2)(B)(ii) for failure to state a claim. *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). While a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face[,]'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)), pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under the "plausibility standard," the well-pleaded facts must permit more than the mere possibility of misconduct; they must show "that the pleader is entitled to relief." *Iqbal,* 129 S. Ct. at 1949 (internal quotation marks omitted). A complaint that pleads facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). From Johnson's complaint we cannot ascertain the extent to which his claims regarding the City's allegedly improper enforcement of its fence height ordinance were previously adjudicated by the Michigan state courts. Even assuming, however, the absence of a *res judicata* issue, this claim fails under section 1983 because Johnson has not pleaded facts showing a City policy or custom to retaliate against him for seeking an order or protection against his neighbor or to harass him because he was disabled. *See Monell*, 436 U.S. at 690. Instead, exhibits attached to Johnson's complaint, including correspondence from the City's fire department, suggest the City enforced the relevant zoning ordinance against Johnson out of a concern for safety.

Likewise, Johnson has not alleged a City policy or custom concerning snow or garbage bags. Johnson's allegation that City "employees" plowed snow in front of his truck does not state a claim because municipal liability may not be based solely on a *respondeat superior* theory. *See Monell*, 436 U.S. at 691. For this reason, Johnson's allegation that a City employee denied his request for city-approved garbage bags also fails. *See id.; Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

The district court also correctly dismissed Johnson's claims that the City improperly disconnected his electricity on two occasions. Johnson's allegations concerning the disconnections

were addressed in an earlier 2003 action, which the district court dismissed as frivolous and for failure to state a claim. *See Johnson v. City of Wakefield*, 2:03-00161-RAE (W.D. Mich. Aug. 26, 2003). The complaint here before the court reflects no distinct allegations regarding the disconnections.

Johnson's claim concerning the City's second alleged disconnection of his electricity fares no better. He alleges that the City disconnected his electricity, without notice, in violation of his right to due process. According to Johnson, City employees "were trying to teach [him] a lesson [that] it is [his] responsibility to pay the bill[.]" As a result, he claims, the water pipes in his home burst, damaging the mobile home and seriously injuring one of his pets, resulting in death. Even if we accept as true Johnson's allegations regarding damage to his home and injury to his pet, to state a civil rights claim against the City, he must show that a City policy or custom deprived him of a federal right. *See Monell*, 436 U.S. at 690. He has not done so.

Johnson's argument rests on an alleged City policy of vindictiveness toward him. He asserts that City employees purposely picked the coldest time of year to disconnect his electricity in order to "teach him a lesson." However, as noted above, *respondeat superior* liability will not support a section 1983 claim against a municipality. *Id.* at 691. Johnson's effort to identify a policy is grounded in speculation and conjecture. For instance, in his objections to the magistrate judge's report and recommendation, Johnson states: "Just my opinion on why I thought the City was manipulating the situation and shut me down. So they could create fear of shut down and I would not use social services for help." His speculation as to City policy is insufficient to state a civil rights claim against the City. *See Iqbal*, 129 S. Ct. at 1949.

Moreover, to state a procedural due process claim, "a plaintiff must establish a constitutionally protected liberty or property interest and show that such an interest was deprived without appropriate process." *Midkiff v. Adams Cnty. Reg'l Water Dist.,* 409 F.3d 758, 762 (6th Cir. 2005). A protected property interest in a government service exists where a plaintiff "show[s] a 'legitimate claim of entitlement' to that service; an 'abstract need or desire' or a 'unilateral expectation' is insufficient." *Id.* (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972)). Protected property interests "are defined by existing rules or understandings that stem from an independent source such as state law-rules[.]" *Roth,* 408 U.S. at 577.

Johnson does not cite any Michigan law or City ordinance to support his claim of entitlement to electrical service. The State Emergency Relief Decision Notice that Johnson does rely on, to show payment of his bill, is dated *after* January 29, 2010, and covers a later period of time. Further, to the extent that Johnson alleges that he spoke with City employees three times the week before the disconnection, and "[t]here *seemed* to be no problems at that time," (emphasis added), these allegations show no more than a unilateral expectation on Johnson's part that his service would continue. *See Midkiff,* 409 F.3d at 762. These allegations do appear, however, inconsistent with the notion that Johnson's electricity was disconnected without notice. Because a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the district court properly dismissed this claim. *See Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted).

The district court did not consider Johnson's claim that the City violated the Americans with Disabilities Act. Specifically, he appears to be invoking the section of the Act that mandates "no qualified individual with a disability shall, by reason of such disability, . . . be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132. Johnson alleges that he was "put in the path of a deadly situation . . . [and] prejudiced against" on the basis of his disability and subjected to the City's organized discrimination and harassment. The very first page of Johnson's initial complaint specifically asks for relief under the "American Disabilities Act for Discrimination of Disabilities." Invoking the ADA in his objection to the report and recommendation of the district court, Johnson states that "the american [sic] disability act was created for just that reason, so that those on disability would not be put in the path of a deadly situation or treated dis-respectivly [sic][.]" Additionally, Johnson attached to his original complaint a page entitled "ADA Enforcement" from the Department of Justice's website. District courts within the Sixth Circuit have found pro se ADA cases to survive initial screening. *See, e.g., Brink v. Ravines Golf Club,* No. 1:10-CV-654, 2010 U.S. Dist. LEXIS 134742 (W.D. Mich. Dec. 21, 2010). Because this claim was never addressed, we remand it to the district court for further consideration. *See Walters v. Gonzales*, 214 F. App'x 559 (6th Cir. 2007) (failure to address a claim that was adequately presented requires a remand).

Next, the magistrate judge did not abuse his discretion in denying Johnson's motion for the appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993). Appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances." *Id.* at 606. Proper considerations in determining whether to appoint counsel include the plaintiff's ability to represent himself, the chance of success of plaintiff's claims, and the complexity of the case. *Id.* Johnson has previously litigated in both state and federal court, and the substantive issues in this case are not particularly complex. The magistrate judge, therefore, reasonably denied Johnson's motion for appointment of counsel.

We have recognized a district court's broad discretion regarding whether to exercise jurisdiction over supplemental state law claims. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th

Cir. 2010). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]" *Musson Theatrical, Inc. V. Express Corp.*, 89 F3d 1244, 1254-55 (6th Cir. 1996). Here, the district court properly declined to exercise supplemental jurisdiction where it understood only state law claims to remain. However, because we remand the ADA claim, the district court may decline or accept supplemental jurisdiction over Johnson's state law claims, as appropriate, in further proceedings.

Finally, section 1915(e)(2) requires a district court to screen and dismiss any complaint that is frivolous or malicious or fails to state a claim upon which relief may be granted. The district court did not err in dismissing the claims addressed; however, the ADA claim remains to be addressed on remand.

Accordingly, we affirm the district court's judgment as to claims addressed, but remand for consideration of Johnson's ADA claim. Rule 34(j)(2)(C), Rules of the Sixth Circuit.