NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0673n.06

No. 13-4134

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**AUG 2 7 2014**

**DEBORAH S. HUNT, Clerk**

| | |
|---|---|
| JOSEPH F. HOLSON, JR., Ph.D.; COLLEEN L. PEPPER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOHN GOOD, Judge, in His Individual Capacity and/or in His Capacity as Officer/Agent of the City of Ashland, Ohio; KIMBERLY MARCELLI, in Her Individual Capacity and/or in Her Capacity as Parole Officer with the Ohio Adult Parole Authority; ANDREW HYDE, Attorney at Law; OHIO ADULT PAROLE AUTHORITY, Ohio Department of Rehabilitation and Correction/State of Ohio; ASHLAND POLICE DEPARTMENT, City of Ashland, Ohio; ASHLAND COUNTY SHERIFF DEPARTMENT, Ashland County, Ohio; JANE/JOHN DOE(S), in Their Individual and/or Official Capacities, <br><br> Defendants-Appellees, <br><br> and <br><br> DAVID T. MARCELLI, in His Individual Capacity and/or in His Capacity as Chief of Police of the City of Ashland, Ohio, <br><br> Defendant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

Before:  GUY, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge.  Joseph Holson and Colleen Pepper each pled guilty in

Ohio state court to charges of cocaine possession and complicity in the illegal use of a minor in

nudity-oriented material or performance. Later they brought this lawsuit claiming a variety of constitutional violations related to those charges. The district court dismissed these claims on numerous grounds. We affirm.

I.

In 2009, pursuant to a search warrant, police officers with the City of Ashland and Ashland County searched the home of Joseph Holson and Colleen Pepper. The officers found cocaine and a video of a female—who the officers believed was a minor—putting on lingerie. Later that year, Holson and Pepper each pled guilty to possession of cocaine and complicity in the illegal use of a minor in nudity-oriented material or performance. Each served six months in prison and was released on parole. Among the parole conditions were that Holson and Pepper faced certain travel restrictions and were forbidden to contact each other.

Holson and Pepper filed this suit in 2012, asserting claims against their former lawyers, the City of Ashland, Ashland County, and the Parole Authority, among others. The plaintiffs brought most of their claims under 42 U.S.C. § 1983, alleging an assortment of constitutional violations concerning the search of their home and their parole conditions. They also brought state-law claims. The district court stayed the case while the plaintiffs sought to withdraw their guilty pleas and vacate their convictions and sentences in state court.

That effort failed. The district court eventually dismissed all of the plaintiffs' federal claims pursuant to various motions filed by the defendants. The court also declined to exercise supplemental jurisdiction over the plaintiffs' remaining state-law claims. This appeal followed.

II.

We review the district court's dismissal of the plaintiffs' claims—whether on a motion for dismissal, judgment on the pleadings, or summary judgment—de novo. *Henry v.*

*Chesapeake Appalachia, LLC*, 739 F.3d 909, 912 (6th Cir. 2014); *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

## A.

The plaintiffs first challenge the dismissal of numerous claims concerning their parole conditions and the search of their home. The district court dismissed these claims under *Heck v. Humphrey*, in which the Supreme Court held that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]" a court must dismiss the claim "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated[.]" 512 U.S. 477, 487 (1994). The plaintiffs' convictions have not been invalidated here. Thus, their claims were properly dismissed if the claims necessarily imply the invalidity of the plaintiffs' convictions or sentences.

Several of the plaintiffs' claims are based upon the Fourth Amendment. *Heck* bars these claims if the "contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion." *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008) (emphasis in original). Here, by the plaintiffs' own account, the evidence supporting their convictions was "the cocaine residue found in their home" and the "video of the alleged minor trying on lingerie[.]" The plaintiffs do not contend that this evidence would have been otherwise admissible under a separate legal doctrine. Nor do they point to any other evidence that would support their convictions. Thus, *Heck* bars the plaintiffs' claims under the Fourth Amendment.

The plaintiffs also presented claims under the *Ex Post Facto* Clause and the Eighth Amendment, asserting that their parole conditions were "akin to banishment" and constituted cruel and unusual punishment. *Heck* bars claims that necessarily imply the invalidity of the

plaintiff's sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 79-80 (2005). In Ohio, parole "is a part of the original judicially imposed sentence[.]" *State v. Qualls*, 967 N.E.2d 718, 726 (Ohio 2012); *cf. Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (parole conditions place a paroled prisoner in "custody" for habeas purposes). Thus, these claims necessarily imply the invalidity of the plaintiffs' sentences and are likewise barred by *Heck*.

## B.

The plaintiffs next challenge the dismissal of their Fifth Amendment claim as untimely. The plaintiffs claimed that they were deprived of property without due process during the search of their home. In Ohio, the statute of limitations for a § 1983 claim is two years and runs from "when the plaintiff knows or has reason to know of the injury which is the basis" of the claim. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). Here, the statute of limitations ran from when the search took place in February 2009. The plaintiffs filed their complaint more than three years later. Their Fifth Amendment claim is untimely.

## C.

The plaintiffs also challenge the dismissal of two claims against the Parole Authority, specifically that the halfway house where Pepper was located was unsanitary and that she received inadequate medical care there. The district court dismissed these claims because the Eleventh Amendment generally bars "suits brought in federal court against a state and its agencies[.]" *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The Parole Authority is undisputedly a state agency, so the Eleventh Amendment indeed bars the plaintiffs' claims against the Authority.

The plaintiffs respond that they also sought injunctive relief against their parole officer, Kimberly Marcelli, in her official capacity. The Eleventh Amendment would permit that relief.

*See Ex Parte Young*, 209 U.S. 123, 159-60 (1908). But the plaintiffs' only relevant allegations concerning Marcelli were that she "imposed severe and oppressive conditions" of parole. To the extent those allegations concern the conditions of Pepper's halfway house, they are moot, since she is no longer housed there. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). To the extent these claims concern the conditions of her parole (and thus her sentence under Ohio law), they are barred by *Heck*, as shown above.

## D.

Finally, the plaintiffs challenge the district court's refusal to exercise supplemental jurisdiction over their state-law claims after it dismissed all their federal ones. We review that refusal for an abuse of discretion. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Generally, "[w]hen all federal claims are dismissed before trial, the balance of considerations will point to dismissing the state law claims[.]" *Id.* (internal quotation marks omitted). We have no basis to say the district court abused its discretion in refusing to exercise supplemental jurisdiction here. Alternatively, the plaintiffs contend that the district court should have transferred the case to state court. But the statute the plaintiffs cite in support, 28 U.S.C. § 1404(a), only allows one federal district court to transfer a case to another. Their arguments are meritless.

The district court's judgment is affirmed.