NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0795n.06

Nos. 14-3892/3933

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CARLA THEISS | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| WALGREEN COMPANY, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee/Cross-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS and BATCHELDER, Circuit Judges; HUCK, District Judge.[*]

ALICE M. BATCHELDER, Circuit Judge. Carla Theiss filed suit against her employer, Walgreen Company, claiming interference under the Family and Medical Leave Act ("FMLA"), retaliation under the FMLA, and sexual harassment, hostile work environment, sexual discrimination, and retaliation under state law. The district court granted summary judgment to Walgreen Company ("Walgreens") on both FMLA claims and, declining to exercise supplemental jurisdiction over the accompanying state-law claims, dismissed them. We agree with the district court that there was no interference or retaliation under the FMLA in this case. We disagree with the district court's characterization of its jurisdiction over the accompanying state-law claims. Therefore, we AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with this opinion.

---

[*]The Honorable Paul C. Huck, Senior United States District Judge for the Southern District of Florida, sitting by designation.

**I.**

Carla Theiss ("Theiss") worked in the shipping department at a Walgreens distribution center. The facts underlying Theiss's interference claim date back to November 4, 2010, when she filed a request for intermittent FMLA leave. Her self-professed reason for the request was "anxiety from co-workers and [management]." On November 18, 2010, Walgreens informed Theiss that she did not qualify for the requested leave since she had not yet met the work-hour requirements of the FMLA. On November 22, 2010, Walgreens gave further notice to Theiss that her request had not been processed, and provided her with instructions regarding whom to contact in order to pursue her claim. On December 20, 2010, Walgreens again contacted Theiss to inform her that she needed to "have [her] physician provide clarification" on the request. Walgreens explained that it needed this clarification by January 10, 2011, or else it would close Theiss's claim. Theiss never obtained this clarification from her physician. On March 4, 2011, Walgreens contacted Theiss yet again and outlined several specific inadequacies in her FMLA request that needed to be remedied before the claim could move forward. The letter even included a HIPAA authorization form to make it more convenient for Theiss to supply the needed information.

During this process, Theiss's managers at the distribution center filed two corrective actions against Theiss because of her absences from work. But each of the filings indicated that the actions were provisional pending the processing of her FMLA request. Aside from these provisional filings, Walgreens took no further action against Theiss for her repeated absences during this period. This was the state of Theiss's request for FMLA leave when she was terminated on March 15, 2011.

Theiss's retaliation claim arises out of the circumstances under which she was terminated on March 15, 2011. From the time that Theiss began working in the distribution center in 2007, she was in conflict with her fellow workers and with her supervisors. She asserts that she was held to more rigorous standards, treated with unnecessary harshness, subjected to sexual harassment by her coworkers, and forced to work in a hostile environment. On March 3, 2011, Theiss accused Aaron Todd ("Todd"), a coworker, of physically assaulting her by bumping or striking her as she walked through his work area. Theiss immediately reported Todd to their managers. Theiss also reported the incident to the police and sought to press charges against Todd. After investigating, the police determined not to take any action against Todd. To the contrary, the investigating officer reported that he believed Todd had been assaulted by Theiss and was willing to accept a complaint from Todd.

When Walgreens received Theiss's report, it launched an investigation of its own. Various managers interviewed eyewitnesses to the event and also reviewed video footage from surveillance cameras in the warehouse. After gathering the pertinent data, Walgreens concluded that Todd was not at fault in the incident, that Theiss had fabricated the claim, that she had actually been the one to initiate contact with Todd, and that she lied in her report. Walgreens's official policy states that "[t]here are some behaviors for which there is zero tolerance and which will lead to immediate termination of employment at Walgreens." Among these behaviors are "gross misconduct, negligence, harassment or horseplay" and "falsifying personnel or other company documents." In accordance with this stated policy, and in light of Theiss's encounter with Todd and her subsequent misrepresentation of that event, Walgreens terminated Theiss's employment.

Theiss filed suit against Walgreens on August 14, 2012, in state court in Wood County, Ohio. On September 11, 2012, Walgreens removed the case to federal court, asserting that the court had federal-question jurisdiction over the FMLA claims under 28 U.S.C. § 1331 and diversity jurisdiction over the accompanying state-law claims under 28 U.S.C. § 1332. The district court granted Walgreens's motion for summary judgment on the FMLA claims, but it dismissed the accompanying state-law claims, declining to exercise supplemental jurisdiction. *Theiss v. Walgreen Co.*, No. 3:12CV2294, 2014 WL 3908118 (N.D. Ohio Aug. 12, 2014).

## II.

On an appeal of a grant of summary judgment, we review the district court's decision de novo. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 243 (6th Cir. 2004). We regard a district court's grant of summary judgment to be proper "where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 506 (6th Cir. 2006); *see* Fed. R. Civ. P. 56(a).

## A.

Turning first to Theiss's interference claim, we note that the FMLA does not provide a remedy "unless the employee has been prejudiced by the violation . . . . The remedy is tailored to the harm suffered." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). The FMLA provides that an employee whose rights are interfered with is entitled to

> damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation.

29 U.S.C. § 2617(a)(1)(A)(i). If an employee does not suffer any damages, then the FMLA does not provide a remedy.

Here, Theiss simply cannot show that she suffered any harm, prejudice, or denial of her rights. Prior to her FMLA request on November 4, 2010, Theiss had made other requests for leave that were granted. And even while she was waiting for Walgreens to process her latest request, she was allowed numerous absences. Of course, she complains that those absences brought corrective actions and that she would have taken more absences if she had not been afraid of having her FMLA request denied. But these corrective actions were provisional pending the processing of her request. She suffered no actual damages as a result of her filing for leave or taking numerous absences during the processing period. Moreover, Theiss's claim that she would have taken more absences if her request had been granted in no way proves that Walgreens interfered with her request in any way. Thus, Theiss has failed to demonstrate any damages cognizable under the FMLA in 29 U.S.C. § 2617(a)(1)(A)(i). Where there are no damages, the statute provides no remedy. *Ragsdale*, 535 U.S. at 89.

**B.**

In order to establish a prima facie case of retaliation under the FMLA, an employee must demonstrate four things:

> (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action.

*Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (quoting *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006)). We will assume, without deciding, that the district court was correct in finding that Theiss provided sufficient evidence to establish a prima facie case of retaliation. *See Theiss*, 2014 WL 3908118 at *4. After an employee has established a prima facie case, the burden "then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*,

411 U.S. 792, 802 (1973). Thus, the central question before us is "whether the employer took the adverse action because of a prohibited reason or for a legitimate nondiscriminatory reason." *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 282 (6th Cir. 2012) (internal quotation marks omitted).

The record clearly demonstrates that when Walgreens was apprised of the incident between Theiss and Todd, it immediately launched an investigation. Various personnel managers and directors interviewed witnesses, examined diagrams, reviewed written statements, and analyzed video footage. At the conclusion of the process, Walgreens agreed with the police analysis that Theiss was not telling the truth, that Todd was not at fault, and that any scuffle was attributable to Theiss instead. It was only after this investigation that Walgreens made the decision to terminate Theiss's employment.

We have previously held that "[i]n deciding whether an employer reasonably relied on the particularized facts then before it, we do not require that the decisional process used by the employer be optimal or that it left no stone unturned." *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998). In reviewing Walgreens's decision to fire Theiss, we are looking for "error on the part of the employer that is too obvious to be unintentional." *Seeger*, 681 F.3d at 286 (internal quotation marks omitted). In light of this standard, we find nothing in the record showing any gross deficiency or oversight in Walgreens's investigation. There is no evidence showing that Walgreens's reasons for firing Theiss were dishonest, pretextual, not sincerely held, or discriminatory. On the contrary, Walgreens had a specific policy that provided for immediate termination in cases of "harassment or horseplay" and "falsifying . . . documents." Since Walgreens determined—after due investigation—that this is precisely what Theiss had done, her

termination was directly in line with a clearly established company policy. There is nothing that indicates that Walgreens intended to retaliate against Theiss.

## C.

With reference to the district court's decision not to exercise jurisdiction over Theiss's state-law claims, if the question is one of supplemental jurisdiction, we review for abuse of discretion. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). But if this is a question of diversity jurisdiction, we review the district court's judgment de novo. *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011) (citing *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011)). Since the motion for removal claimed diversity jurisdiction as the grounds upon which the state-law claims were being removed, we consider this to be a question of diversity jurisdiction and accordingly review de novo.

In its motion for removal, Walgreens asserted that Theiss's state-law claims could be heard by the district court because the requirements of diversity jurisdiction were satisfied. But the district court interpreted these claims as if they had been brought under supplemental jurisdiction and "thus dismiss[ed] Theiss's state law claims without prejudice." *Theiss*, 2014 WL 3908118 at *1. Because these state-law claims were in fact removed to federal court under a claim of diversity jurisdiction, we remand these claims to the district court to determine whether they meet the criteria of 28 U.S.C. § 1332.

## III.

In conclusion, we AFFIRM the judgment of the district court with respect to the dismissal of Theiss's claims of interference and retaliation under the FMLA. We REMAND the question of the district court's jurisdiction over the attendant state claims for proceedings consistent with this opinion.