NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0498n.06

No. 16-2371

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

ZAINAH HAMMOUD; SHAEFA MOHAMED; ELEANOR EWALD; ERIC EWALD; CHERYL DEANDA; GENO DEANDA; PAULA NEWCOMB; ROBERT RADFORD; ANDREA ROWE; GARY ZELONY; ANTHONY CRUMP; ERNEST FOREST; BRANDY GUITERREZ; HENRY KOPPOE; TIMOTHY PADDEN; SONIA VARGAS; JENNIFER WICK; WARREN WICK; CARL NOVAK; RICHARD ROBBS,

      Plaintiffs-Appellants,

v.

WAYNE COUNTY; RICHARD HATHAWAY, Wayne County Treasurer; RAYMOND WOJTOWICZ; DAVID SZYMANSKI; FELECIA TYLER; CITY OF DEARBORN; ROBERT MUERY; ALLYSON BETTIS; RANDY WALKER; CITY OF LINCOLN PARK; BRAD L. COULTER; CITY OF WAYNE; LISA NOCERINI; REDFORD TOWNSHIP; TRACY KOBYLARSZ; JSR FUNDING, LLC; JAMES BUDZIAK; ENTERPRISING REAL ESTATE, LLC; MILAN GANDHI; RISHI PATEL; NANDAN PATEL; HP SNAP INVESTMENT, LLC; HETAL GANDHI; GLOBAL REALTY, LLC; RICHARD INGBER; RANCILIO & ASSOCIATES; RICHARD KOSMACK; KAREN FROBOTTA; NANCY JACKSON; CITY OF GARDEN CITY,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Aug 24, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE:    KEITH, BATCHELDER, SUTTON, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiffs-Appellants are all former owners of real property in Wayne County, Michigan. In approximately 2012, they became delinquent in paying their property taxes, and, pursuant to the Michigan General Property Tax Act ("GPTA"), Mich. Comp. Laws § 211.78 *et seq.*, the Wayne County Treasurer's Office took steps to foreclose upon the properties. Plaintiffs failed to timely redeem the properties, and the Wayne County Circuit Court entered foreclosure judgments against Plaintiffs in June 2015, transferring the properties to Wayne County in fee simple absolute by quit claim deed. Plaintiffs did not appeal the foreclosure judgments.

After the properties were transferred to Wayne County, the municipalities in which they were situated exercised their right under Michigan law to purchase the properties, *see* Mich. Comp. Laws § 211.78m (giving municipalities a right of first refusal to purchase foreclosed property for a public purpose prior to any public auction of the property), and the respective municipalities then contracted with developers, who agreed to make substantial improvements to the properties and to invest a minimum of 50% of the properties' sale value for the public good.

Plaintiffs brought a purported class action on behalf of approximately 800 similarly situated property owners, seeking equitable and compensatory relief. Specifically, Plaintiffs alleged that Wayne County and affiliated individuals ("the Wayne County Defendants") "illegally and unconscionably"—and "without required notice" under Michigan and federal law—foreclosed on Plaintiffs' real properties. Plaintiffs further alleged that the Wayne County Defendants conspired with the other Defendants to unlawfully deprive Plaintiffs of their real properties and rights of due process and equal protection.

Plaintiffs brought ten claims in the United States District Court for the Eastern District of Michigan, alleging violations of their state and federal due-process and equal-protection rights; a

civil racketeering claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; and violations of several Michigan statutes. The Defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the district court lacked subject-matter jurisdiction to consider Plaintiffs' due-process and equal-protection claims and that Plaintiffs failed to sufficiently plead a civil RICO claim. The district court granted Defendants' motions to dismiss, finding that the Tax Injunction Act, 28 U.S.C. § 1341, stripped it of subject-matter jurisdiction to adjudicate Plaintiffs' due-process and equal-protection claims. The district court also dismissed Plaintiffs' civil RICO claim, finding that the Wayne County and municipal Defendants cannot be held liable as a matter of law and that Plaintiffs failed to sufficiently plead a civil RICO claim against the other Defendants. Having dismissed Plaintiffs' federal claims, the district court declined to exercise supplemental jurisdiction over the remaining state-law claims.

Plaintiffs timely appealed. We review de novo a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6). *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) ("We review a motion to dismiss under Rule 12(b)(1) de novo where it requires no fact-finding."); *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ("We review *de novo* a district court's dismissal of a suit pursuant to Fed. R. Civ. P. 12(b)(6)."). We review for an abuse of discretion the district court's decision to decline exercising supplemental jurisdiction. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010).

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusion that the Tax Injunction Act barred it from adjudicating Plaintiffs' due-process and equal-protection claims. Neither are we convinced that the district court erroneously dismissed Plaintiffs' civil RICO claim. The district court's

opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this court would serve no useful purpose. And, with no federal claims remaining, the district court's decision to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims was not an abuse of discretion. *See id.* at 952 ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."); *see also* 28 U.S.C. § 1367(c).

Accordingly, we affirm.