**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0295n.06

Nos. 10-5656/5657

**FILED**

**Mar 14, 2012**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT BUMGARDNER; REITA BUMGARDNER, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| Cross-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant, | ) | |
| Cross-Appellee. | ) | |
| | ) | |

BEFORE: GRIFFIN and KETHLEDGE, Circuit Judges; THAPAR, District Judge.[*]

PER CURIAM. The United States appeals the district court's judgment rendered in this action filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and Robert and Reita Bumgardner, husband and wife and Tennessee citizens, cross-appeal.

Robert Bumgardner suffered a fracture in his spine during his service as a Marine in Vietnam. He suffered from chronic back pain as a result. Additionally, he was diagnosed as having ankylosing spondylitis, a condition that subjected him to the possibility of spinal fractures with any trauma. He was a retired schoolteacher who received medical treatment from the Veterans Administration ("VA") hospital in Nashville, Tennessee. On February 14, 2006, Bumgardner's wife took him to

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

the emergency room following a fall. He feared that he had suffered a spinal fracture. However, an x-ray was taken and compared to earlier x-rays in his record, which indicated no new fracture. He was therefore sent home. On February 21, the Bumgardners returned to the emergency room. Mrs. Bumgardner reported that Mr. Bumgardner had not been eating and was drinking liquids only to take his medication. He was constipated, and reported pain in his back and abdomen. After an enema and a bowel movement he reported feeling better and was again sent home. On February 28, the Bumgardners again appeared at the emergency room. Mr. Bumgardner was complaining of back and abdominal pain and constipation. This visit was similar to that of a week earlier. When they returned home, however, the hospital called and asked them to return because blood tests indicated that Mr. Bumgardner was severely dehydrated. On his return, he was given fluids and reported feeling better. He was told that there were no beds at the hospital, but that he could be transferred to a different hospital if he did not feel he could go home, although there was no apparent need for hospitalization. Mr. Bumgardner declined hospitalization. The following morning, Mr. Bumgardner fell again, heard a popping sound in his back, and suffered paralysis of his lower extremities, which continues to this day.

The Bumgardners filed an administrative claim against the government alleging that the treatment Mr. Bumgardner received at the VA hospital in Nashville in February 2006 caused his paralysis. When no response was forthcoming from their claim, the Bumgardners filed this action in the district court reasserting their claims and seeking twenty million dollars in damages for Mr. Bumgardner and five million dollars for loss of consortium. Specifically, the Bumgardners' theory was that Mr. Bumgardner suffered a non-displaced, or occult, fracture from his fall on February 14 that defendant failed to diagnose. That fracture worsened until the March 1 fall that caused his

paralysis. Alternatively, the Bumgardners argued that he should have been hospitalized on February 28, which would have avoided the disastrous fall the next day that paralyzed him.

The district court denied defendant's motions to dismiss and for summary judgment, and the matter proceeded to an eight-day bench trial at which both sides presented expert testimony regarding the cause of Mr. Bumgardner's paralysis and the standard of care of the VA hospital physicians. The district court found that the defense experts were persuasive in arguing that Mr. Bumgardner did not suffer a non-displaced fracture on February 14. Although the district court found that Mr. Bumgardner should have received a neurological consultation at his last emergency room visit on February 28, the court also noted that defendant was not at fault for not hospitalizing Mr. Bumgardner because he refused the offer of hospitalization. The district court concluded that Mr. Bumgardner's paralysis was not caused by the actions of the VA hospital physicians in Nashville. However, the district court went on to find that, after Mr. Bumgardner was transferred to a VA hospital in Memphis, the staff there breached the duty of care and caused him to suffer a stage four bedsore, for which the court awarded him $300,000 in damages.

The United States appeals, arguing that the district court lacked jurisdiction over any claim against the Memphis VA hospital because the Bumgardners did not file an administrative claim regarding the care received there and, alternatively, presented no expert testimony that the standard of care was breached at that facility. The Bumgardners cross appeal, reasserting their claims that Mr. Bumgardner's paralysis was caused by an undiagnosed non-displaced fracture on February 14 that worsened until March 1, resulting in a fall causing a complete fracture, or alternatively, that the failure to hospitalize Mr. Bumgardner on February 28 resulted in the March 1 fall and resultant paralysis. The Bumgardners respond to the government's appeal by asserting that this court should

remand the case in order for them to submit proof of the liability of the Memphis VA hospital for

Mr. Bumgardner's bedsore.

Prior to filing a complaint under the FTCA, a plaintiff must exhaust administrative remedies.

*See* 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional. *Joelson v. United States*,

86 F.3d 1413, 1422 (6th Cir. 1996). In this case, plaintiffs' administrative claim related solely to the

treatment Mr. Bumgardner received in Nashville in February 2006. No mention of the bed sore he

later suffered in Memphis was found in the claim, or in the complaint filed in the district court.

Defendant filed a motion in limine to exclude evidence regarding the bedsore. The district court

denied the motion because the evidence was relevant to the issue of damages in the event that the

defendant was found liable for causing Mr. Bumgardner's paralysis.

In a similar case, the First Circuit found that an administrative claim limited to treatment

rendered in 1996 did not put the defendant on notice of a claim from an earlier year. *Ramirez-Carlo

v. United States*, 496 F.3d 41, 47 (1st Cir. 2007). Defendant's argument that the district court lacked

jurisdiction to award damages for the bedsore Mr. Bumgardner suffered in Memphis is persuasive.

Therefore, the award of $300,000 must be vacated for lack of jurisdiction, and the Bumgardners'

request that the matter be remanded to allow them to present proof of liability on this claim must be

rejected.

The district court's factual findings on the Bumgardners' exhausted claim are reviewed for

clear error; under this standard, if the district court's findings are plausible, we may not reverse even

if we would have weighed the evidence differently. *See Harlamert v. World Finer Foods, Inc.*, 489

F.3d 767, 771 (6th Cir. 2007). Where the district court's decision is based on crediting witnesses'

plausible testimony, it can virtually never be clear error. *See Madden v. Chattanooga City Wide*

*Serv. Dep't*, 549 F.3d 666, 674 (6th Cir. 2008). Here, the defense experts' testimony supports the district court's finding that Mr. Bumgardner did not suffer a fracture in his February 14 fall. The Bumgardners' alternative theory that Mr. Bumgardner should have been hospitalized on February 28 was properly rejected by the district court because Mr. Bumgardner chose to return home after receiving fluids for his dehydration. Moreover, plaintiffs were required to introduce evidence that it was more likely than not that the conduct of the defendant was the cause of their damages. *See Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901-02 (Tenn. Ct. App. 2001). The mere possibility that Mr. Bumgardner might not have fallen and suffered the catastrophic fracture if he had been hospitalized is not enough. *See id.*

Accordingly, we affirm the district court's judgment except insofar as it awarded the Bumgardners $300,000 in damages. We vacate the district court's judgment in part and remand for entry of an amended judgment not inconsistent with this opinion.