**Raymond ENGLE, Plaintiff,**

**v.**

**UHAUL, et al., Defendants.**

**Case No. 3:16–cv–27**

United States District Court,
S.D. Ohio, Western Division.

Signed September 19, 2016

Raymond Engle, Dayton, OH, pro se.

Gregory W. Guevara, Bose McKinney & Evans LLP, Indianapolis, IN, Steven G. Janik, Janik LLP, Sean T. Needham, Cleveland, OH, William M. Harter, Frost Brown Todd LLC, Katherine Marie Klingelhafer, Columbus, OH, for Defendants.

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. # 37); OVERRULING PLAINTIFF'S OBJECTION THERETO (DOC. # 38); SUSTAINING MOTION TO DISMISS OF DEFENDANT DAY AIR INSURANCE, LLC (DOC. # 21); DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (DOC. # 2) FOR LACK OF SUBJECT MATTER JURISDICTION; OVERRULING AS MOOT ALL OF THE FOLLOWING: MOTION TO DISMISS OF SAFECO INSURANCE COMPANY OF ILLINOIS, SUZANNE THOMAS AND PETER BROWN (DOC. # 12), PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. # 13), DEFENDANT ESKENAZI HEALTH'S MOTION TO DISMISS (DOC. # 16), PLAINTIFF'S MOTION TO STRIKE THE MOTION TO DISMISS OF SAFECO INSURANCE COMPANY OF ILLINOIS, SUZANNE THOMAS AND PETER BROWN (DOC. # 18), PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. # 26), PLAINTIFF'S MOTION FOR A CLASS ACTION AGAINST ESKENAZI (DOC. # 27), PLAINTIFF'S OBJECTIONS TO DECISIONS AND ENTRIES DATED AUGUST 9, 2016, AND AUGUST 11, 2016 (DOCS. ## 39 AND 40); JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

WALTER H. RICE, UNITED STATES DISTRICT JUDGE

On August 23, 2016, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. # 37, recommending that the Court grant Defendant Day Air Insurance, LLC's Motion to Dismiss, Doc. # 21, dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, and deny all other pending motions as moot.

Magistrate Judge Newman noted that the Court previously dismissed without prejudice the only federal claim asserted by Plaintiff, a claim construed by the Court as a medical malpractice action brought against the Dayton Veterans Administration Hospital under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). *See* Docs. # 5, 7. Because Plaintiff failed to exhaust his administrative remedies, the Court lacked subject matter jurisdiction over the FTCA claim. *See Bumgardner v. United States,* 469 Fed. Appx. 414, 417 (6th Cir. 2012) (holding that the exhaustion requirement is jurisdictional).

Nevertheless, the Court noted that "because all Defendants appear to reside in different states, and because the amount in controversy appears to exceed $75,000, the Court does have diversity jurisdiction." Doc. # 5, PageID# 46 n.3. In its Motion to Dismiss, however, Defendant Day Air Insurance, LLC, argues that diversity jurisdiction does *not* exist, because Plaintiff is a resident of Ohio, as is one of Day Air's members. Doc. # 21.

Magistrate Judge Newman noted that, in response to Defendant Eskenazi's Motion to Dismiss, Plaintiff implied that he may also have a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Magistrate Judge Newman concluded, however, that the factual allegations in the Complaint were insufficient to state a colorable FDCPA claim. He then stated that, "because there are no remaining federal claims, and because the parties are not diverse, the un-

dersigned concludes that this case should be dismissed for lack of subject matter jurisdiction. Insofar as the Court could potentially exercise supplemental jurisdiction over alleged state claims, the Court should decline to do so." Doc. # 37, PageID# 219.

Plaintiff has filed a timely Objection to the Report and Recommendations, Doc. # 38. He challenges Magistrate Judge Newman's finding concerning the lack of diversity jurisdiction. He appears to argue that, even if one of Day Air's members is a citizen of Ohio, this should be disregarded, given that Day Air subcontracted with Safeco Insurance Company of *Illinois*.

The Court OVERRULES Plaintiff's Objection, Doc. # 38. "Diversity of citizenship ... exists only when no plaintiff and no defendant are citizens of the same state." *Jerome–Duncan, Inc.· v. Auto–By–Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Plaintiff does not dispute that he is a citizen of Ohio. Because Day Air is a named defendant, and because one of its members is a citizen of Ohio, the Court lacks diversity jurisdiction.

One final note on subject matter jurisdiction. Plaintiff has filed a Motion for a Class Action against Eskenazi, Doc. # 27, in which he invokes federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil actions in which the amount in controversy exceeds $5 million, and there is at least minimal diversity of citizenship. *See* 28 U.S.C. § 1332(d)(2). In support of his motion, Plaintiff alleges only that "Defendant Eskenazi, has erroneously subjected this Plaintiff to incur[red] cost that should have been covered via the Veterans' Affairs. For this reason Plaintiff can not surmise that he is the only victim in this cause of action."

Doc, # 27, PageID# 155. To the extent that Plaintiff relies on CAFA as a basis for subject matter jurisdiction, this conclusory allegation is woefully insufficient. Accordingly, the Court finds no basis for federal question jurisdiction.

Based on the reasoning and citations of authority set forth in Magistrate Judge Newman's Report and Recommendations, Doc. # 37, as well as on a thorough *de novo* review of this Court's file and the applicable Saw, the Court ADOPTS said judicial filing in its entirety. Defendant Day Air Insurance LLC's Motion to Dismiss, Doc. # 21, is SUSTAINED, and Plaintiff's Complaint, Doc. # 2, is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

If Plaintiff is able to exhaust his administrative remedies in a timely manner with respect to his FTCA claim against the Dayton Veterans Administration Hospital, he may refile this action in federal court on the basis of federal question jurisdiction. In the alternative, he may refile his state law claims in the appropriate state court.

The following pending motions are OVERRULED AS MOOT:

- Motion to Dismiss of Safeco Insurance Company of Illinois, Suzanne Thomas and Peter Brown (Doc. # 12)

- Plaintiff's Motion for Default Judgment (Doc. # 13)

- Defendant Eskenazi Health's Motion to Dismiss (Doc. # 16)

- Plaintiff's Motion to Strike the Motion to Dismiss of Safeco Insurance Company of Illinois, Suzanne Thomas and Peter Brown (Doc. # 18)

- Plaintiff's Motion for the Appointment of Counsel (Doc. # 26)

● Plaintiff's Motion for a Class Action Against Eskenazi (Doc. # 27)

Plaintiff has also filed "Objections" (Doc. # 39) to the August 9, 2016, Decision and Entry Overruling Pro Se Plaintiff's Motion for Recusal of Magistrate Judge Michael J. Newman, Doc. # 35, and "Objections" (Doc. # 40) to the August 11, 201 6, Decision and Entry Overruling Plaintiff's Objections to the Amended Report and Recommendations, and to the Order Striking Plaintiff's Writ of Error and/or Motion to Rule Defendant Eskenazi Health's Attorney of Record an Idiot, Doc. # 36.

In both documents, Plaintiff apologizes for his lack of civility, blaming his conduct on his post-traumatic stress disorder. He asks the Court to reconsider its previous rulings and to defer any final ruling until he has the opportunity to respond to the August 23, 2016, Report and Recommendations. Given that Plaintiff has already filed his Objection to that Report and Recommendations, Doc. # 38, and given that the Court has concluded that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction, Plaintiff's additional "Objections," Docs. ## 39 and 40, are OVERRULED AS MOOT.

Judgment shall be entered in favor of Defendants and against Plaintiff. Given that any appeal of this Decision and Entry would be objectively frivolous, Plaintiff is denied leave to appeal *in forma pauperis.*

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT DAY AIR INSURANCE LLC'S MOTION TO DISMISS (DOC. 21) BE GRANTED; (2) THE MOTIONS TO DISMISS FILED BY THE OTHER DEFENDANTS (DOCS. 12, 16) BE DENIED AS MOOT; (3) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED AS MOOT; (4) PLAINTIFF'S REMAINING MOTIONS (DOC. 18, 26, 27) BE DENIED AS MOOT; (5) PLAINTIFF'S COMPLAINT (DOC. 2) BE DISMISSED; (6) PLAINTIFF BE DENIED *IN FORMA PAUPERIS* STATUS ON APPEAL; AND (7) THIS CASE BE TERMINATED ON THE COURT'S DOCKET

Michael J. Newman, United States Magistrate Judge

This civil case is before the Court on the motions to dismiss filed by Defendants Safeco Insurance Casualty Company of Illinois ("Safeco") (doc. 12), Eskenazi Health (doc. 16), and Day Air Insurance, LLC (doc. 21). Additionally, this case is before the Court on *pro se* Plaintiff's motion for a default judgment (doc. 13), his motion to strike Safeco's motion to dismiss (doc. 18),[2] his motion to appoint counsel (doc. 26), and his motion to amend his complaint to assert class action claims (doc. 27). With regard to the motions to dismiss, *pro se* Plaintiff did file memoranda in opposition. Docs. 18, 22, 24, 25. The undersigned has carefully considered all of the foregoing, and the parties' motions are now ripe for decision.

## I.

For purposes of this motion to dismiss, the Court must: (1) view the complaint in

---

**1.** Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**2.** The undersigned liberally construes this motion to strike as a memorandum in opposition to Safeco's motion to dismiss.

the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Here, for purposes of deciding the motions to dismiss at issue, the undersigned liberally construes the pleadings and views the allegations set forth in *pro se* Plaintiff's complaint in a light most favorable to him.

This case arises from an automobile accident that occurred on or about January 15, 2015 in Indiana when a UHaul vehicle—driven by an unidentified person—"crossed the center line and hit [Engle] in the [d]river's side front [fender]." Doc. 2 at PageID 27. Engle alleges serious injury arising from the automobile accident. *Id.* Following the accident, Engle allegedly sought treatment at the Eskenazi Health Center and the Veterans Affairs Hospital in Dayton, Ohio ("VA Hospital"). *Id.* at PageID 28–29. Engle alleges that he received improper treatment at these medical facilities. *Id.*

At the time of the accident, Engle was insured by Defendant Day Air Insurance, LLC ("Day Air"). *Id.* at PageID 26. Engle alleges delay on the part of Day Air in processing his claim. *Id.* Engle also purports to assert claims against Safeco Insurance Company ("Safeco"), its claims representative Suzanne Thomas, and its casualty specialist Peter Brown. *Id.* at PageID 29. Engle does not allege that he was insured by Safeco, but does allege that

Safeco and Ms. Thomas "viciously and maliciously snickered and/or laugh[ed] at [his] demise and refused to settle this matter in a respectful manner." *Id.*

Plaintiff, *pro se*, commenced this civil action on January 19, 2016 against: (1) UHaul; (2) Eskenazi Health ("Eskenazi"); (3) Day Air Insurance, LLC ("Day Air"); (4) Safeco Insurance Company of Illinois, specifically Senior Inside Claims Representative Suzanne Thomas and Senior Casualty Specialist Peter Brown ("the Safeco Defendants"); and (5) the VA Hospital. *See* doc. 1 at PageID 4. Subsequently, Plaintiff's claims against the VA Hospital and UHaul were dismissed on initial review under 28 U.S.C. § 1915. *See* doc. 7.

## II.

Liberally construed, *pro se* Plaintiff's complaint asserts a number of claims that arise under state law—namely, breach of contract, negligence, medical malpractice, and bad faith. *See* doc. 2 at PageID 26–31. The undersigned previously noted that *pro se* Plaintiff's claim against the VA Hospital was the only federal claim asserted, *see* doc. 5 at PageID 46, n.3—a conclusion to which *pro se* Plaintiff offered no objection. *See* doc. 8. The undersigned, however, based upon the allegations then before the Court, noted that the case could proceed on the basis of diversity jurisdiction at that time. *See* doc. 5 at PageID 46, n.3.

 Now, however, Defendant Day Air Insurance, LLC points to evidence available as part of the public record [3] to

---

**3.** When considering a motion to dismiss under Fed. R. Civ. P. 12, "[i]n addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser–Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). Information available through the Ohio Secretary of State is a public record that can be

considered for deciding a motion to dismiss. *See E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, No. 1:03CV662, 2006 WL 2785774, at *3 (S.D. Ohio Jan. 9, 2006); *see also Malibu Media, LLC v. Steiner*, 307 F.R.D. 470, 474 (S.D. Ohio 2015) (holding that "the Court may take judicial notice of [a] registration with the Ohio Secretary of State without converting [a Rule 12] motion into one for summary judgment, as the registration is a public record").

assert that it is a citizen of Ohio and, therefore, diversity jurisdiction does not exist in this case. *See* doc. 21 at PageID 122; *see also* doc. 21–1 at PageID at PageID 126–27. "The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Thus, "a limited liability company has the citizenship of each of its members." *Id.*; *see also Moses v. Extendicare Health Servs., Inc.*, No. 2:15–CV–2853, 2015 WL 9301375, at *2 (S.D. Ohio Dec. 22, 2015) (stating that, "[f]or purposes of determining diversity jurisdiction, a limited liability company has the citizenship of each of its members"). Here, one of Day Air's members—William J. Burke—is Day Air's statutory agent and, as required by Ohio Rev. Code § 1705.06(A)(1), is an Ohio resident. Accordingly, there is no diversity of citizenship amongst the parties and the Court has no jurisdiction on that basis.

■ Nevertheless, in response to Defendant Eskenazi's motion to dismiss, *pro se* Plaintiff mentions the Fair Debt Collection Practices Act ("FDCPA") and appears to argue that a claim under FDCPA is part of this action—and, thus, a basis for federal question jurisdiction. *See* doc. 25 at PageID 147. However, the factual allegations set forth by *pro se* Plaintiff in the complaint fail to sufficiently allege such a claim.

Notably, a claim under FDCPA must be asserted against a "debt collector," which is defined as one whose principal business "is the collection of any debts ... owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Eskenazi, the entity to whom the purported debt is allegedly due, is not a "debt collector" as that term is defined under FDCPA and, therefore, no claims under that Act can be properly asserted against it. *See MacDer-*

*mid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007) (finding that FDCPA claims were not properly asserted against a credit card company—namely, Discover—because it was not a "debt collector," and instead, was "the very party to whom the debt [was] due").

Second, *pro se* Plaintiff does not allege that Eskenazi engaged in any conduct that violates FDCPA. Instead, at best, *pro se* Plaintiff alleges that an unnamed collection agency engaged in some unidentified conduct *pro se* Plaintiff conclusory labels as "harassment." *See* doc. 2 at PageID 28–29. Even assuming, *arguendo*, such conduct could be attributable to Eskenazi, *pro se* Plaintiff pleads no facts upon plausibly supporting a claim under 15 U.S.C. § 1692d, such as facts alleging threats of violence; use of obscene or profane language; or repeated or continuous telephone calls. *Id.*

Accordingly, the undersigned concludes that any alleged FDCPA claim should be dismissed. Further, because there are no remaining federal claims, and because the parties are not diverse, the undersigned concludes that this case should be dismissed for lack of subject matter jurisdiction. Insofar as the Court could potentially exercise supplemental jurisdiction over alleged state claims, the Court should decline to do so. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (stating that, in cases where the district court dismisses federal claims "before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed").

### III.

Based upon all of the foregoing, the undersigned **RECOMMENDS** that: (1) Defendant Day Air's motion to dismiss (doc. 21) be **GRANTED** and this case be dismissed in its entirety for lack of subject

matter jurisdiction; (2) *pro se* Plaintiff's motion for default judgment (doc. 13) be **DENIED AS MOOT**; [4] (3) Defendants' remaining motions to dismiss (docs. 12, 16) be **DENIED AS MOOT**; (4) Plaintiff's remaining motions (docs. 18, 26, 27) be **DENIED AS MOOT**; (5) the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore, Plaintiff be **DENIED** leave to appeal *in forma pauperis*; and (6) this case be **TERMINATED** on the Court's docket.

---

**4.** On April 6, 2016, *pro se* Plaintiff filed a motion for a default judgment. Doc. 13 at PageID 91. Plaintiff does not identify which Defendant(s) are allegedly in default. *Id.* Nevertheless, all Defendants—who were not dismissed at the outset (docs. 5, 7)—appeared in the case and defended against the allegations asserted in the complaint. *See* docs. 12, 16, 21. Even assuming any Defendant failed to timely appear in this case under Rule 12(a), *pro se* Plaintiff's motion for a default judgment is rendered moot by the lack of subject matter jurisdiction in this case.